117 T.C. No. 17

UNITED STATES TAX COURT

JOSEPH D. AND WANDA S. LUNSFORD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18071-99L.                    Filed November 30, 2001.

R issued a notice of intent to levy, and Ps
requested a hearing before an IRS Appeals officer (A)
pursuant to sec. 6330, I.R.C.  The only issue that Ps
raised in their request was whether there was a valid
summary record of the assessments of the taxes in
question.  A sent a letter to Ps that enclosed a Form
4340, Certificate of Assessments and Payments, showing
that the assessments were made and invited Ps to raise
additional issues, but Ps did not do so.  A did not
schedule a face-to-face hearing.  A issued a notice of
determination.  Ps timely petitioned the Tax Court for
review.  The only substantive issue raised in the
petition was whether the Form 4340 constituted
sufficient verification of the assessments.

<u>Held</u>:  Our rules require petitioners to specify
the basis upon which they seek relief.  Because the
only substantive issue that petitioners raised in this
judicial proceeding is whether A abused her discretion
by relying on a Form 4340 to verify the assessments,
and because we have previously decided in <u>Davis v.
Commissioner</u>, 115 T.C. 35 (2000), that such reliance is

appropriate, R may proceed with the proposed collection action.

Joyce M. Griggs, for petitioners.

Ross M. Greenberg, for respondent.

OPINION

RUWE, Judge: This case arises from a petition for judicial review filed under section 6330(d)(1)(A).[1] We have previously decided that we have jurisdiction in this case. See Lunsford v. Commissioner, 117 T.C. ___ (2001). For convenience, we combine the facts, which are not in dispute, with our opinion.

Section 6331(a) authorizes the Commissioner to levy against property and property rights where a taxpayer fails to pay taxes within 10 days after notice and demand for payment is made. Section 6331(d) requires the Secretary to send notice of an intent to levy to the taxpayer, and section 6330(a) requires the Secretary to send a written notice to the taxpayer of his right to a hearing. Section 6330(b) affords taxpayers the right to a "fair hearing" before an "impartial" IRS Appeals officer. Section 6330(c)(1) requires the Appeals officer to obtain verification that the requirements of any applicable law or administrative procedure have been met. Section 6330(c)(2)(A)

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code currently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

specifies issues that the taxpayer may raise at the Appeals hearing. The taxpayer is allowed to raise "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of collection action, and alternatives to collection. Sec. 6330(c)(2)(A). The taxpayer cannot raise issues relating to the underlying tax liability if the taxpayer received a notice of deficiency or the taxpayer otherwise had an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Section 6330(c)(3), provides that a determination of the Appeals officer shall take into consideration the verification under section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Section 6330(d)(1) allows the taxpayer to appeal a determination to the Tax Court or a district court. Section 6330(e)(1) suspends the levy action until the conclusion of the hearing and any judicial review of the determination.

On April 30, 1999, respondent issued a notice of intent to levy to petitioners. The proposed levy was to collect unpaid income taxes of $83,087.85 for the taxable years 1993, 1994, and 1995. On May 24, 1999, petitioners filed a Form 12153, Request

for a Collection Due Process Hearing,[2] and raised only the

following issue:

> I do not agree with the collection action of levy and
> notice of intent to levy 4-30-99.  The basis of my
> complaint is what I believe to be the lack of a valid
> summary record of assessment pursuant to 26 CFR §301.6203-
> 1.  Without a valid assessment there is no liability.
> Without a liability there can be no levy, no notice of
> intent to levy, nor any other collection actions.[3]

On September 2, 1999, the Appeals officer wrote a letter to

petitioners indicating that the validity of assessments had been

verified and attached a Form 4340, Certificate of Assessments and

Payments, which clearly shows that the assessments in question

---

[2]Various IRS forms refer to the Appeals hearing that is
contemplated by sec. 6330(b) as a "collection due process" or
"CDP" hearing.

[3]The Form 12153, Request for a Collection Due Process
Hearing, was attached to a cover letter dated May 24, 1999, from
petitioners' representative, Thomas W. Roberts, which stated:

> The basis of my complaint is the perceived lack of a
> valid summary record of assessment pursuant to 26 CFR
> §301.6203-1.  Without a valid assessment there is no
> liability.  I will need to receive a copy of the
> summary record of assessment signed by the assessment
> officer.  You may send one to me or send me the
> necessary forms to subpoena the document along with the
> assessment officer's name and address for delivery of
> the subpoena.  Upon receipt of that document I will
> have several questions to ask the assessment officer.
> I assume this can be done in the form of
> interrogatories.  Please forward the procedures for the
> interrogatories and subsequent depositions of any
> witnesses that I may wish to call.

Mr. Roberts also asked for copies of the "levy" or "levies".
However, whether respondent can make such "levies" is the issue
before us.

were made and remained unpaid.  The Appeals officer concluded the letter stating:  "If you wish to discuss other matters, such as resolution of the liability please contact me by September 16, 1999.  Otherwise, we will issue a determination".  Petitioners made no response to this letter.  No further proceedings or exchange of correspondence occurred prior to the Appeals officer's determination.

On November 3, 1999, a notice of determination was sent to petitioners by the IRS Appeals Office which sustained the proposed levy.  The notice of determination concluded:  (1) All procedural, administrative, and statutory requirements were met; (2) the Form 4340 satisfied the requirements of section 6203;[4] (3) petitioners failed to present any collection alternatives; and (4) the proposed levy was justified.  On December 2, 1999, petitioners filed a timely petition to the Tax Court.

We must decide whether petitioners are entitled to any relief from the Appeals officer's determination.  Where the underlying tax liability is properly at issue in the hearing, we review that issue on a de novo basis.  Goza v. Commissioner, 114

---

[4]Sec. 6203 requires the Secretary to record the liability of the taxpayer and to furnish a copy of the record of assessment to the taxpayer on request.  Sec. 301.6203-1, Proced. & Admin. Regs., provides that an assessment officer shall make the assessment and sign the "summary record of assessment.  The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."

T.C. 176, 181-182 (2000).  However, where the underlying tax liability is not at issue, we review the determination to see whether there has been an abuse of discretion.  <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 (2001).  In this case, petitioners have not disputed the merits of the underlying tax liability.

Our Rules require petitioners to specify the facts upon which they rely for relief under section 6330.  A petition filed under section 6330 must contain "Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error".  Rule 331(b)(5).  Any issue not raised in the assignments of error shall be deemed to be conceded.  <u>Goza v. Commissioner</u>, <u>supra</u> at 183.[5]

In the entire course of this judicial proceeding, petitioners have raised only one substantive issue that they want to be considered; i.e., whether there was a sufficient record showing that the taxes in issue were assessed under section 6203 and section 301.6203-1, Proced. & Admin. Regs.  In their petition to the Tax Court, petitioners alleged the following facts in support of their position:

> 6.  The facts upon which the Petitioner relies, as the basis of the Petitioner's case, are as follows:

---

[5]See also <u>Merriweather v. Commissioner</u>, T.C. Memo. 2001-88; <u>MacElvain v. Commissioner</u>, T.C. Memo. 2000-320; <u>Howard v. Commissioner</u>, T.C. Memo. 2000-319; <u>Van Fossen v. Commissioner</u>, T.C. Memo. 2000-163.

a) The appeals officer took the position that the assessment is valid without verifying that there was in fact an assessment.
b) The appeals officer stated that the courts have ruled that a certified transcript "contains all the documentation to which taxpayers are entitled under 26 U.S.C. §6203" without meeting his duty under 26 CFR §301.6320-T(e)(1) to verify the existence of the underlying documents.
c) Although the transcript listed an assessment date, the appeals officer did not verify that a 23C was actually prepared pursuant to his duty under 26 CFR §301.6320-T(e)(1) and the nonexistence of the properly prepared and signed certificate of assessment pursuant to 26 U.S.C. §6203 and 26 C.F.R. §301.6203-1 was placed in issue.
d) Without the assessment officer being identified from the assessment certificate neither Petitioner nor the appeals officer can inquire of the assessment officer for verification that he performed his proper function in determining that all conditions precedent, (procedural, administrative and statutory) to the assessment were performed.

Petitioners' trial memorandum, which was filed on the day this case was called for trial, stated the issue as follows:

ISSUES:
Whether the hearing officer met the requirements of §6330 by making a determination without requiring the Service to furnish, as timely requested by Petitioner, the assessment document meeting the requirements of 26 CFR 301.6203-1, signed by an assessment officer and certified under oath by the records clerk or other authorized official.

Petitioners included a "Synopsis of Legal Authorities" in their trial memorandum. This synopsis similarly discussed only the issue of the existence of an assessment and its verification with a Form 4340.

When this case was called for trial, petitioners' counsel gave no indication that petitioners wanted to contest anything other than the issue described in their pleadings and trial memorandum.  The Court ordered both parties to file posttrial briefs.  Petitioners did not file a posttrial brief.[6]  We recently discussed the consequences to a party who fails to advance arguments on brief.  In Nicklaus v. Commissioner, 117 T.C. at 120 n.4, we stated:  "We conclude that petitioners have abandoned those other arguments and contentions.  See Ryback v. Commissioner, 91 T.C. 524, 566 n.19 (1988)."[7]  In the instant case, we think it is at least as clear that petitioners have abandoned any arguments that were not raised in their pleadings and trial memorandum.

---

[6]Generally, where a party fails to file a brief on an issue before the Court, we have the authority to hold the party in default under Rule 123(a) and enter decision against the defaulting party or to dismiss the case under Rule 123(b) for failure to prosecute or for failure to comply with the Rules of this Court.  See Rule 151(a) ("Briefs shall be filed" on order of the Court).  On numerous occasions, we in essence have defaulted or dismissed issues for failure to brief them.  Generally, we have accomplished this result by considering the issue waived or conceded.  Stringer v. Commissioner, 84 T.C. 693, 704-708 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); Furniss v. Commissioner, T.C. Memo. 2001-137; McGee v. Commissioner, T.C. Memo. 2000-308; Pace v. Commissioner, T.C. Memo. 2000-300; Hartman v. Commissioner, T.C. Memo. 1999-176.

[7]We also note that in Nicklaus v. Commissioner, 117 T.C. 117 (2001), the taxpayers raised arguments similar to those raised by petitioners herein.  In that case, we examined the pleadings and other documents submitted to this Court and concluded that the taxpayers' arguments were without merit.

The argument that petitioners made in their trial memorandum has already been rejected. In Davis v. Commissioner, 115 T.C. 35 (2000), the taxpayer argued that the collection action was improper because of the lack of a "valid" summary record of assessment. We held that it was not an abuse of discretion for the Appeals officer to rely on a Form 4340 to verify that a valid assessment existed.[8] Id. at 40-41. Form 4340 provides at least presumptive evidence that a valid assessment of a tax has been made. Nicklaus v. Commissioner, supra at 121; Davis v. Commissioner, supra at 40; Hefti v. IRS, 8 F.3d 1169, 1172 (7th Cir. 1993), affg. 71A AFTR 2d 93-4833, 92-1 USTC par. 50,192 (C.D. Ill. 1992). A Form 4340 is not conclusive proof of an assessment. For example, where the Form 4340 does not list a "23C date" (i.e., the date on which the actual assessment was made), further examination is required to determine whether an assessment was made. See Huff v. United States, 10 F.3d 1440, 1446 (9th Cir. 1993); Brewer v. United States, 764 F. Supp. 309, 315-316 (S.D.N.Y. 1991). However, where the taxpayer can point to no evidence of any irregularity in the assessment process, the presumption of a valid assessment remains intact. Nicklaus v.

---

[8]We note that the petition in this case is essentially the same as the petition filed with this Court in Davis v. Commissioner, 115 T.C. 35, 39 (2000). This is not surprising since the petition was filed by Thomas W. Roberts, who also filed the petition for the taxpayer in the Davis case. Mr. Roberts was disbarred from practice before this Court on June 18, 2001, and was removed as petitioners' counsel on July 18, 2001.

Commissioner, supra at 121; Guthrie v. Sawyer, 970 F.2d 733, 737-738 (10th Cir. 1992); Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992); Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992); United States v. Chila, 871 F.2d 1015, 1017-1018 (11th Cir. 1989). In Davis v. Commissioner, supra, the taxpayer failed to demonstrate any irregularity in the assessment procedure, and we granted respondent's motion for a judgment on the pleadings. We held further that Appeals hearings were intended by Congress to be informal and do not require testimony under oath or the compulsory attendance of witnesses or the production of all requested documents. Id. at 41-42.

In this case, petitioners were provided with a Form 4340 which showed the assessment date of the taxes in question. The Appeals officer relied on the Form 4340 to verify that section 6203 and the applicable regulations thereunder were satisfied. Petitioners have not pointed to any alleged facts or evidence to suggest that there were any irregularities in the assessment process.

The only substantive issue that petitioners have raised in this judicial proceeding is whether the Appeals officer properly relied on a Form 4340 to verify under section 6330(c)(1) that the taxes were properly assessed. We do not construe the instant appeal as being predicated on allegations that respondent failed to offer petitioners a hearing per se. Rather, the gist of

petitioners' claim is that the Appeals officer has incorrectly relied on Form 4340 for purposes of verifying the assessments and that the Appeals officer has improperly refused to afford petitioners certain alleged procedural rights with which to challenge the Form 4340.  We have already decided those issues contrary to the position taken by petitioners.  Davis v. Commissioner, supra.  The only relief petitioners are seeking is a remand to Appeals to consider matters which we have previously ruled on.  The prayer for relief contained in the petition states:

> WHEREFORE, Petitioner prays that this case be remanded to the Appeals Office with the following instructions:
>
> a)  Perform a complete verification as required by 26 C.F.R. §301.6320-T(e)(1),
> b)  Furnish existence thereof to Petitioner including the documents requested in the due process hearing request and
> c)  Hold a meaningful due process hearing as required by law allowing Petitioner to examine all records used by Respondent and to cross examine those persons who created or otherwise relied upon those records to create the alleged assessment that begun the collection action,
>
> so that Petitioner can be afforded due process of law prior to any taking.

We do not believe that it is either necessary or productive to remand this case to IRS Appeals to consider petitioners' arguments.  Thus, we shall decide this case by following our opinion in Davis v. Commissioner, supra.

Of course, there may be cases, where taxpayers were not given a proper opportunity for an Appeals hearing, where it will be appropriate for this Court to require that an Appeals hearing be held. However, we do not believe that this should be done where, as in this case, the only arguments that petitioners presented to this Court were based on legal propositions which we have previously rejected.

Procedurally, the case before us is similar to the situation we faced in Goza v. Commissioner, 114 T.C. 176 (2000). In that case the taxpayer objected to the notice of intent to levy, and the case was sent to Appeals for a determination under section 6330. Appeals refused to hear the taxpayer's challenge to the underlying tax liability or to hear the taxpayer's challenges based on frivolous constitutional arguments. The Appeals notice of determination stated:

Summary of Determination:

It has been determined that the requirements of all applicable laws and administrative procedures have been met.

As you were advised in our letter dated July 6, 1999, challenges to the underlying liability may only be raised as an issue if you did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the liability. You did receive a statutory notice of deficiency in this case. You were also informed that a hearing is not available for constitutional issues such as those referenced in your reply to the final notice, and you failed to raise any issues that could be considered in a due process hearing pursuant to IRC section 6330.

> It is therefore deemed that the proposed collection action balances the need for efficient collection of the taxes with the concern that the collection action be no more intrusive than necessary. [Goza v. Commissioner, supra at 178.]

The taxpayer raised the same issues in his petition which included the following statement: "Petitioner reserves all rights under the federal Constitution and common law, the filing of this petition is not intended as a waiver of any of those rights." Id. at 179. We described petitioner's constitutional claims as frivolous. Id. at 183. We then granted the Commissioner's motion to dismiss for failure to state a claim upon which relief can be granted stating:

> Rule 331(b)(4) states that a petition for review of an administrative determination filed pursuant to section 6330 shall contain clear and concise assignments of each and every error which the petitioner alleges to have been committed in the levy determination and any issue not raised in the assignments of error shall be deemed to be conceded. Rule 331(b)(5) states that such a petition shall contain clear and concise lettered statements of the facts on which the taxpayer bases each assignment of error.

> Petitioner failed to raise a valid challenge to respondent's proposed levy before the Appeals Office. Petitioner continued to assert the same frivolous constitutional claims in his petition for review filed with the Court.

> The validity of petitioner's underlying tax liability is not properly at issue in this proceeding. Moreover, the petition does not assert (nor is there any basis in the administrative record for the Court to conclude) that respondent abused his discretion with respect to spousal defenses or collection matters. See sec. 6330(c)(2)(A). In the absence of a justiciable claim for relief in the petition for review filed

herein, we shall grant respondent's motion to dismiss
for failure to state a claim upon which relief can be
granted.  [Id. at 183.]

We have addressed all of the issues petitioners have raised
in this judicial proceeding.  We hold that the Appeals officer
did not abuse her discretion by relying on the Form 4340 or by
refusing to produce other requested documents or witnesses and
that respondent may proceed with the proposed levy action.[9]

Respondent requests that we impose a section 6673(a)(1)
penalty on petitioners.  Under the circumstances of this case, we
do not believe a penalty should be imposed on petitioners.
Respondent's request is denied.

An appropriate order and

decision will be entered.

Reviewed by the Court.

WELLS, COHEN, SWIFT, GERBER, WHALEN, and THORNTON, JJ.,
agree with this majority opinion.

---

[9]See also Watson v. Commissioner, T.C. Memo. 2001-213; Serv.
Engg. Trust v. Commissioner, T.C. Memo. 2001-181.

HALPERN, <u>J</u>., concurring:  I concur with the result reached by the majority.  In my concurring report in <u>Lunsford v. Commissioner</u>, 117 T.C. ___ (2001), I have offered some comments concerning our authority to dictate to respondent the nature of the hearing required by section 6330(b).  I incorporate those comments herein by this reference.

WHALEN, BEGHE, and THORNTON, <u>JJ</u>., agree with this concurring opinion.

COLVIN, J., dissenting: I voted yes in Lunsford v. Commissioner, 117 T.C. ____ (2001) (Lunsford I), because I believe our jurisdiction in that case is provided by the notice of determination.  However, I dissent here because I believe the fact that we have jurisdiction does not relieve respondent of the duty to provide an opportunity for a hearing as required by section 6330(b).

Because we have jurisdiction, if we had required respondent to provide an opportunity to petitioner to have a hearing, we could have then concluded the case by using whatever procedure is appropriate (e.g., a trial or dispositive motion) without requiring the taxpayer to file a new petition.

GALE, J., agrees with this dissenting opinion.

LARO, J., dissenting:  I respectfully disagree with the opinions adopted by the majority and agree with the dissenting views of Judge Foley.  I write separately in this important case to stress the importance of an appeal to a higher court.  I also write to stress what I consider to be the legislative mandate that taxpayers must be afforded face-to-face collection due process (CDP) hearings upon all proper requests.  The U.S. Department of Justice, the Internal Revenue Service (IRS) Office of Chief Counsel (Chief Counsel) and the IRS Office of Appeals (Appeals) have concluded that all taxpayers possess such a right and that this right may not be denied.  See Chief Counsel Advisory 200123060 (June 8, 2001) (the advisory).  But for the majority, no one who has considered this issue has concluded differently.

### 1.  Majority's Factual Finding of an Abandonment of Issues is Contrary to the Well-Supported Finding of the Trial Judge

The majority conclude that petitioners have abandoned all arguments and contentions not articulated clearly in their pleadings and trial memorandum and that petitioners' sole argument in this case was one rejected by the Court in Davis v. Commissioner, 115 T.C. 35 (2000).  Judge Foley has concluded differently.  As I understand Judge Foley's opinion, at issue in this case (exclusive of the jurisdictional issue) is whether Appeals held the requisite CDP hearing with petitioners (the hearing requirement).  Such a conclusion by Judge Foley is

adequately supported by the record.  Petitioners allege in their petition that they want to meet with Appeals in person and that the failure of Appeals to schedule a face-to-face conference has deprived them of the ability to present their case.  The petition prays that the Court direct Appeals to "Hold a meaningful due process hearing as required by law".

The fact that the hearing requirement is at issue is also seen clearly from the record and from the posttrial brief of respondent, who, like Judge Foley, but unlike the majority, has been involved in this judicial proceeding since its start.  But for an argument for sanctions under section 6673, the sole argument that respondent advances on brief concerns the hearing requirement.[1]  Although petitioners failed to file a posttrial brief, their counsel, Ms. Griggs, stated at trial that "by not having a hearing date they [petitioners] were not afforded an adequate right to have a hearing."  Tr. at 4.  Further, she stated:  "I do not believe that they've been afforded due process proceedings in this [case by virtue of the lack of a CDP hearing], and I believe they should be allowed to have a hearing."  Id. at 5.  The Court even clarified for the parties that the hearing requirement remained at issue by stating:  "All

---

[1] Respondent's specific argument on brief is that Appeals need not hold a CDP hearing face-to-face and that the correspondence between Appeals and petitioners constituted the requisite hearing.  Respondent's brief predates the advisory and is inconsistent with it.

right.  So that [the hearing] issue is not being conceded by Petitioners."  Id.

I am at a loss to reconcile these statements with the majority's conclusions that:  (1) "In the entire course of this judicial proceeding, petitioners have raised only one substantive issue that they want to be considered, i.e., whether there was a sufficient record showing that the taxes in issue were assessed under section 6203 and section 301.6203-1, Proced. & Admin. Regs.", (2) "When this case was called for trial, petitioner's counsel gave no indication that petitioners wanted to contest anything other than the issue [discussed by the majority]", and (3) "We do not construe the instant appeal as being predicated on allegations that respondent failed to offer petitioners a hearing per se".  Majority op. pp. 6, 8, 10-11.  The majority focuses exclusively on their reading of the petition and makes no reference to the statements at trial or, for that matter, Rule 41(b)(1), which mandates that an issue not raised in the pleadings is treated as if raised in the pleadings when it is tried with the express or implied consent of the parties.  The fact that the hearing requirement was tried by the express or implied consent of the parties (and, therefore, is at issue in this case) is evidenced not only by the statements of all of the speakers at trial but by the fact that, with the exception of the section 6673 argument, respondent limited his brief to that one

issue.  E.g., <u>Knapp v. Commissioner</u>, 90 T.C. 430, 439 (1988), affd. 867 F.2d 749 (2d Cir. 1989); <u>Ewart v. Commissioner</u>, 85 T.C. 544, 547-548 (1985), affd. 814 F.2d 321 (6th Cir. 1987); <u>Estate of Belcher v. Commissioner</u>, 83 T.C. 227, 227 n.2 (1984) (Court reviewed); <u>Sharon v. Commissioner</u>, 66 T.C. 515, 527 n.5 (1976), affd. 591 F.2d 1273, 1275 (9th Cir. 1978); see also <u>Bishop v. Commissioner</u>, T.C. Memo. 2001-82; <u>McGee v. Commissioner</u>, T.C. Memo. 2000-308.

The majority opinion contains no statement as to why the majority do not respect the factual finding of the trial Judge that the hearing requirement is at issue.  Nor am I aware of any legitimate reason why, under the facts herein, the majority alone may consider that issue abandoned.  The question of whether a party has abandoned an issue involves a factual determination that rests on the facts and circumstances of the case, and the trial Judge is the one who is best able to make that determination.  See <u>Bencker v. United States</u>, 1992 U.S. Dist. LEXIS 9869, 1992 WL 687180 (W.D. Mich. June 11, 1992) (court applied a clearly erroneous standard in reviewing a bankruptcy court's finding that the IRS had waived an argument in the bankruptcy court).  I know of no principle of law that allows a Judge who did not preside over a trial to conclude contrary to the trial Judge that an issue has been abandoned.

2.  Pertinent Legislative History

Congress promulgated section 6330 to establish "formal procedures designed to insure due process where the IRS seeks to collect taxes by levy".  S. Rept. 105-174, at 67 (1998), 1998-3 C.B. 537, 603.  The Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, of which section 6330 was a part, fortified taxpayer's rights mainly by the addition of new taxpayer rights.  Its enactment followed a year of Congressional investigations and hearings over the future of the IRS, resulting in highly publicized criticisms of the agency's collection methods.  Mesa Oil, Inc. v. United States, 86 AFTR 2d 2000-7312, 2001-1 USTC par. 50130 (D. Colo. 2000).

The Senate Finance Committee believed that the addition of section 6330 would afford to taxpayers in dealing with the IRS rights which were similar to the rights afforded to all persons in dealing with any other creditor.  S. Rept. 105-174, supra at 67, 1998-3 C.B. at 603.  To this end, the committee declared, the Commissioner would by virtue of section 6330 need henceforth to "afford taxpayers adequate notice of collection activity and a meaningful hearing before the IRS deprives them of their property."  Id.  The committee designed these procedures "to afford taxpayers due process in collections" by the IRS and believed that these procedures would "increase fairness to taxpayers."  Id.  The committee averred emphatically as to a

proposed levy that a "taxpayer may demand a hearing to take place before an appeals officer who has had no prior involvement in the taxpayer's case * * * [and] If the taxpayer demands a hearing within that [prescribed] period, the proposed collection action may not proceed until the hearing has concluded and the appeals officer has issued his or her determination."  S. Rept. 105-174, supra at 68, 1998-3 C.B. 604 (emphasis added); see also H. Conf. Rept. 105-599, at 265 (1998), 1998-3 C.B. 747, 1019 (similar language).

### 3.  CDP Hearing Allowed as a Matter of Right

Section 6330(a) provides unambiguously that taxpayers have a "right to a [CDP] hearing under this section before such levy is made".  (Emphasis added.)  Although the majority recognize that Appeals did not honor petitioners' request for a face-to-face CDP hearing, the majority hold that petitioners are not entitled to participate (let alone face-to-face with an Appeals officer) in such a hearing.[2]  The majority acknowledge that petitioners' request for the hearing was proper.  Yet, the majority deny petitioners their legislatively mandated right to meet with Appeals in a CDP hearing because, they find, the petition fails

---

[2] While the majority recognize that sec. 6330(a) and (b) provide on their face that taxpayers have a right to a CDP hearing, majority op. p. 2, the majority make no further reference to this "right".

to set forth any position that this Court considers meritorious.[3] The majority conclude without a citation to authority that Appeals need not hold the hearing because "We do not believe that it is either necessary or productive". Majority op. p. 11.

The majority misapply relevant statutory text in that their opinion conflicts directly with the explicit requirements of section 6330(a) (taxpayers have a "right to a hearing") and of section 6330(b)(1) ("If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals". (Emphasis added.)). Although the majority may be holding sub silentio that the Court can waive this legislatively mandated right in certain cases, I know of no grant of authority that would allow the Court do so under the facts at hand, especially seeing that Chief Counsel has advised Appeals that it "must" hold a face-to-face CDP hearing with any taxpayer who requests one. See the advisory; cf. Kennedy v. Commissioner, 116 T.C. 255, 262 (2001), wherein the Court noted that "section 6330 does not authorize the Commissioner to waive the time restrictions imposed therein."

---

[3] The majority essentially find that petitioners would have made only one argument at their CDP hearing, had one in fact been held. I disagree. In Davis v. Commissioner, 115 T.C. 35 (2000), the taxpayer set forth in the request for a CDP hearing only the argument that the Commissioner's assessment was invalid for lack of a valid summary record of assessment. At the CDP hearing, the taxpayer advanced two additional arguments for consideration.

In fact, respondent has not even asked the Court to consider the right waived in the instant setting.

### 4.  Need for Appeals To Obtain Verification at the Hearing

The majority fail to discuss persuasively the fact that petitioners have alleged in paragraph 6(a) of their petition that "The appeals officer took the position that the assessment is valid without verifying that there was in fact an assessment." Under the statutory scheme, it would appear that petitioners are correct in this assertion.  The statute requires explicitly that this verification must come "at the hearing".[4]  Sec. 6330(c)(1) ("The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met".  (Emphasis added.)). The legislative history reinforces this result by stating that "During the hearing, the IRS is required to verify that all statutory, regulatory, and administrative requirements for the proposed collection action have been met."  S. Rept. 105-174, supra at 68, 1998-3 C.B. at 604 (emphasis added).

Absent a hearing, I do not see how the Commissioner can meet this "at the hearing" verification requirement.  The mere fact that the verification may have come at a time other than "at the hearing" is of no concern.  Congress obviously believed it

---

[4] The majority conveniently omit from their paraphrasing of sec. 6330(c)(1) that the verification must occur "at the hearing".  See majority op. p. 2.

important to require explicitly and unambiguously that this verification occur "at", rather than before or after, the hearing.  As the Supreme Court has instructed lower courts as to the proper approach to statutory construction:

> canons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.  When the words of a statute are unambiguous, then, this first canon is also the last:  judicial inquiry is complete. [Conn. Natl. Bank v. Germain, 503 U.S. 249, 253-254 (1992); citations and quotation marks omitted.]

5.  Right To Raise New Issues at the Hearing

Section 6330(c)(2)(A) provides unambiguously that a taxpayer "may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy".[5]  (Emphasis added.)  The legislative history reinforces this result by also stating unambiguously that a taxpayer is entitled to raise any relevant issue at (as opposed to before) the hearing and that relevant issues may "include (but not limited to)" the issues set forth in section 6330(c)(2)(A).  S. Rept. 105-174, supra at 68, 1998-3 C.B. at 604; see also H. Conf. Rept. 105-599, supra at 265, 1998-3 C.B. at 1019 (similar language).  I conclude that petitioners were entitled to raise at a CDP hearing any relevant issue

---

[5] The majority conveniently omit from their paraphrasing of sec. 6330(c)(2)(A) that the taxpayer is allowed to raise any relevant issue "at the hearing".  See majority op. p. 3.

related to the Commissioner's proposed levy and that the majority are wrong in not allowing petitioners to have a CDP hearing at which to raise relevant issues.

6. Substituting Their Judgment for the Judgment of Appeals

The CDP hearing allows the Appeals officer to exercise his or her judgment as to the propriety of a proposed collection action and to make a resulting determination from matters discussed at the hearing. See, e.g., sec. 6330(c)(2) and (3). Absent an Appeals officer's consideration of issues at a hearing, I do not believe that there is any determination of an Appeals officer that this Court could sustain. Given the statement in the legislative history that this Court is "expected to review the appellate officer's determination for abuse of discretion", S. Rept. 105-174, supra at 68, 1998-3 C.B. at 604; see also H. Conf. Rept. 105-599, supra at 266, 1998-3 C.B. at 1020 (similar language), I find inescapable the conclusion that where an Appeals officer fails to hold a properly requested CDP hearing, that there is an abuse of discretion. Indeed, to my mind, the mere fact that the Appeals officer here did not comply with the statute and hold the legislatively mandated hearing with petitioners, as they properly requested, is a per se abuse of discretion.

I disagree with the majority's conclusion that we may decide this case favorably to respondent on the basis of the record at

hand. The notice of determination concludes that: (1) All procedural, administrative, and statutory requirements were met; (2) the Form 4340 satisfied the requirements of section 6203; (3) petitioners failed to present any collection alternatives; and (4) balancing of the taxpayer's privacy interests and the need for collection weighed in favor of the proposed levy. Absent a hearing, I do not believe that the Court can properly conclude that the Appeals officer did not abuse his discretion. To be sure, the Appeals officer abused his discretion at least by concluding that all statutory requirements had been met. How could those requirements have been met when respondent never held the statutorily required CDP hearing or performed at the appropriate time the required verification?

The legislative history clarifies that the role of this Court as to a proposed levy is limited to reviewing the Appeals officer's determination as to the propriety of a levy, as well as assuring that the procedure requirements have been met. S. Rept. 105-174, supra at 68-69, 1998-3 C.B. at 604-605; see also H. Conf. Rept. 105-599, supra at 266, 1998-3 C.B. at 1020 (similar language). In contrast with the result of the majority's opinion, our role is not to substitute our judgment for that of the Appeals officer as to the propriety of a levy. The conferees provided specifically in their report that they expected that "the appeals officer will prepare a written determination

addressing the issues presented by the taxpayer and considered at the hearing", H. Conf. Rept. 105-599, supra at 266, 1998-3 C.B. at 1020, and that the Court must review that determination.

### 7. The Advisory

The majority's conclusion that Appeals need not hold a CDP hearing with petitioners is inconsistent with, and unexplainably significantly broader than, the Commissioner's administrative practice on this subject. In the advisory, the Chief Counsel stated that a meeting between Chief Counsel, Appeals, and the U.S. Department of Justice had resulted in the decision that "Appeals would strive to grant, at a minimum, face-to-face conferences to all requesting taxpayers." The advisory was generated when Las Vegas Appeals (L.V. Appeals) informed Chief Counsel that L.V. Appeals intended to no longer schedule a face-to-face or telephonic CDP conference when a taxpayer's request for a CDP hearing set forth only frivolous or constitutional arguments. The Chief Counsel, upon consultation with the U.S. Department of Justice and Appeals, concluded in the advisory that the intended practice did not satisfy the statutory requirements of section 6330. The Chief Counsel advised Appeals (and Appeals agreed) that it had to conduct a face-to-face CDP hearing with any taxpayer that requested such a hearing, regardless of the matter set forth in the request, that the manner of the hearing should be "informal", and that the length

of the hearing should hinge on the amount of time necessary to discuss "relevant" issues.  The advisory declares unequivocally that:  "<u>A taxpayer is entitled to a CDP hearing even if he [or she] will raise only frivolous or constitutional arguments because the appeals officer must cover the statutory requirements of sections [sic] 6330(c)(1) and (3)(C) of verification and balancing</u>."  (Emphasis added.)  Pursuant to the legislative mandate in section 6330(c)(1), "The appeals officer shall <u>at the hearing</u> obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  (Emphasis added.)  Pursuant to the legislative mandate of section 6330(c)(3)(C), the Appeals officer must consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."

The fact that the majority does not give proper regard to the Commissioner's administrative practice is, to my mind, a mistake.  Section 6330 is a relatively new provision, and the Commissioner is obviously looking to the Courts for guidance as to the proper rules which he must apply to implement that provision properly.  Given the fact that he has announced that he is now providing a CDP hearing to all taxpayers who request one,

regardless of their motives, I believe it wrong for the majority to undermine that position by usurpation.

FOLEY and VASQUEZ, <u>JJ</u>., agree with this dissenting opinion.

FOLEY, J., dissenting:  I respectfully disagree with the majority's analysis and holding.

In order to assert jurisdiction, deny petitioners their statutorily mandated hearing, and expedite the collection process, the majority have bifurcated this case into two opinions, both of which obfuscate the issues, ignore an unambiguous statute, and avoid addressing the most critical issue:  Does the exchange of correspondence between respondent and petitioners constitute the hearing required by section 6330(b)(1)?  The majority sidestep, rather than address, this issue and choose to focus exclusively on Rule 331(b) and petitioners' Form 12153 (Request for a Collection Due Process Hearing), petition, trial memorandum, and failure to submit a posttrial brief.  There is nothing, however, in the majority opinion that justifies denying petitioners their statutorily mandated hearing.

Let us be clear.  Petitioners requested a hearing.[1] Respondent rejected this request and proceeded to issue a determination.[2]  When this case was called for trial the

---

[1]Any reference to a request for a hearing shall be considered a reference to a request meeting the requirements of sec. 6330(a)(3)(B) (i.e., a timely request) unless otherwise stated.

[2]References to a "determination" are not intended to imply whether it is a determination that meets the requirements of sec. 6330(c), (d), and (e).

documentary evidence indicated that a hearing had not been offered or held. As the trial judge, I was particularly concerned about whether section 6330 authorized respondent to issue a determination without first holding a hearing. Now I am troubled by the majority's total disregard of the unambiguous hearing requirement of section 6330(b)(1).

1.  Section 6330(b)(1) Unambiguously Requires a Hearing

The majority state that "We do not construe the instant appeal as being predicated on allegations that respondent failed to offer petitioners a hearing per se". Majority op. pp. 10-11. I do not know what the words "per se" at the end of the foregoing sentence are intended to convey, but I do know that respondent's failure to provide petitioners a hearing is a per se abuse of discretion.

Despite the way the majority "construe the instant appeal", petitioners filed Form 12153; requested in their petition that "this case be remanded to the Appeals Office" to "Hold a meaningful due process hearing as required by law"; and reiterated this request at trial when petitioners' counsel stated: "I do not believe they've been afforded proper due process * * *, and I believe they should be allowed to have a hearing." The majority, however, do "not believe that it is either necessary or productive to remand this case to IRS Appeals to consider petitioners' arguments." Majority op. pp. 11-12

(emphasis added). They refuse to follow the unambiguous statutory mandate that if a hearing is requested, "such hearing shall be held by the Internal Revenue Service Office of Appeals." Sec. 6330(b)(1) (emphasis added). The congressional mandate is binding.[3] The majority's assessment of "necessity" and "productivity" is irrelevant.

Section 6330(b)(1) is bolstered by section 6330(e)(1)-- another unambiguous provision. Section 6330(e)(1) provides that "if a hearing is requested * * *, the levy actions which are the subject of the requested hearing and the running of any period of limitations * * * shall be suspended for the period during which such hearing, and appeals therein, are pending." Thus, because the hearing required by section 6330(b)(1) was not held,

---

[3]When interpreting an unambiguous statute, it is not necessary to consider the legislative history. Nevertheless, we note that the legislative history accompanying sec. 6330 further supports our position. Congress promulgated sec. 6330 to establish "formal procedures designed to insure due process where the IRS seeks to collect taxes by levy". S. Rept. 105-174, at 67 (1998), 1998-3 C.B. 537, 603. The Senate Finance Committee stated that the Commissioner would, pursuant to sec. 6330, be required to "afford taxpayers adequate notice of collection activity and a meaningful hearing before the IRS deprives them of their property." Id.; see also H. Conf. Rept. 105-599, at 263 (1998), 1998-3 C.B. 747, 1017 ("If * * * the taxpayer demands a hearing, the proposed collection action may not proceed until the hearing has concluded and the appeals officer has issued his or her determination."). The temporary regulations relating to sec. 6330 are fully consistent with the legislative history of the statute. See sec. 301.6330-1T(d)(1), Proced. & Admin. Regs., 64 Fed. Reg. 3410 (Jan. 22, 1999) ("If a taxpayer requests a CDP hearing under section 6330(a)(3)(B) * * *, the CDP hearing will be held with Appeals.").

respondent cannot proceed with collection by levy against petitioners.  Sec. 6330(e)(1).

Respondent, who has the responsibility of administering the tax laws, merely contends that petitioners' hearing was conducted via correspondence.  Respondent does not contend that a hearing is unnecessary or optional.  Indeed, a Chief Counsel Advisory issued 5 months after this case was submitted provides:

> <u>a taxpayer is entitled to a CDP hearing even if he will raise only frivolous or constitutional arguments</u> because the appeals officer must cover the statutory requirements of sections 6330(c)(1) and (3)(C) of verification and balancing. [Chief Counsel Advisory 200123060 (June 8, 2001); emphasis added.]

Respondent recognizes that if no hearing was conducted, an Appeals officer obviously could not have obtained <u>at the hearing</u> "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met", as required by section 6330(c)(1), or balanced the need for the "efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary", as required by section 6330(c)(3)(C).  <u>Id.</u>  On the other hand, the majority deem the holding of a hearing unnecessary.  Majority op. pp. 11-12.

The majority position is contrary to both petitioners' and respondent's interpretation of the statute.  Section 6330(d)(1) charges us with the responsibility of reviewing, not making, respondent's determination.  Under the majority holding in

<u>Lunsford v. Commissioner</u>, 117 T.C. ___ (2001) (Lunsford I), virtually any piece of paper entitled "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" confers jurisdiction on this Court and may ultimately deprive the taxpayer of his statutory right to a hearing.

2.   <u>Petitioners Were Not Offered a Hearing</u>

The majority sidestep the hearing issue entirely.  Section 6330 requires that the Court decide whether the hearing requested by petitioners was held, and I shall do so.  Respondent, citing <u>Katz v. Commissioner</u>, 115 T.C. 329 (2000), <u>Konkel v. Commissioner</u>, 86 AFTR 2d 2000-6939, 2001-1 USTC par. 50,520 (M.D. Fla. 2000), et al., contends that the exchange of correspondence between petitioners and respondent constitutes the hearing required by section 6330(b)(1).  I reject this contention. Unlike the correspondence in <u>Katz</u> and <u>Konkel</u>, the correspondence between petitioners and respondent did not specify the manner in which the hearing would be conducted.  In addition, respondent's letter failed to clearly delineate that the exchange of correspondence would constitute the hearing required by section 6330(b)(1).  Indeed, the letter to petitioners does not even mention a hearing.  It merely directs that "If you wish to discuss other matters, such as resolution of the liability[,] please contact me by September 16, 1999."

Respondent's contention is inconsistent with the aforementioned Chief Counsel Advisory. In this advisory, which related to a form letter of the type in this case, the Commissioner's Chief Counsel opined that the "hearing envisioned by this letter does not satisfy the statutory requirements" of section 6330(b). Chief Counsel Advisory 200123060. It is worth noting that the form letter referred to in this advisory, unlike the letter sent to petitioners, stated that "your hearing will consist of review of your correspondence and consideration of information" in respondent's possession. Id. Respondent's letter to petitioners (see above description), which was far less informative, fails to meet the statutory requirements. While a taxpayer in a section 6330 hearing does not have the rights afforded in a formal proceeding, Davis v. Commissioner, 115 T.C. 35 (2000), such taxpayer is entitled to know when and how the hearing will be conducted.

The "exchange of correspondence" did not constitute the hearing required by section 6330(b)(1). Although the majority may disagree with my conclusion that the hearing required by section 6330(b)(1) was not held, they may not sidestep this issue and merely conclude that petitioners are not entitled to a hearing.

3.   Rationale for Holding Is Unpersuasive

In tandem, the majority's holdings in Lunsford I and the majority opinion herein are groundless assertions of jurisdiction and authority.  The only justification for the holding herein is that it would be a waste of time to conduct a hearing.  This Court is not prescient.  Although petitioners' Form 12153, petition, and trial memorandum focus on one issue--the assessments, only petitioners know what issues might be raised at a hearing, particularly in light of the fact they are no longer represented by the disbarred attorney who wrote the documents submitted to the Court.

Pursuant to section 6330(c)(2)(A), taxpayers "may raise at the hearing any relevant issue relating to the unpaid tax". (Emphasis added.)  The Appeals officer, in the letter which allegedly scheduled the hearing, wrote:  "Appeals cannot consider" the validity of the assessments.  To the contrary, pursuant to section 6330(c)(1), the Appeals officer must consider the validity of the assessments.  Form 4340 is presumptive evidence of a valid assessment, Huff v. United States, 10 F.3d 1440, 1446 (9th Cir. 1993), but the presumption is rebuttable. Although the Appeals Office's reliance on such form is not an abuse of discretion in a case in which the taxpayer makes no showing of irregularity, Davis v. Commissioner, supra at 41, a

taxpayer, nevertheless, must have an opportunity to make the showing at the hearing required by section 6330(b)(1).

The majority's conclusion that respondent should not be required to conduct a hearing because it is not "either necessary or productive to remand this case to IRS Appeals to consider petitioners' arguments", majority op. p. 11, simply ignores and circumvents the statute. Neither Rule 331 nor petitioners' receipt of Form 4340 forecloses relevant questions relating to the assessments or provides an excuse for us to ignore the section 6330(b)(1) hearing mandate.

The bottom line is that a taxpayer who requests a hearing is entitled to one. Sec. 6330(b)(1). Neither respondent nor the Court has any discretion about that. Id. Until petitioners have the hearing they requested, sec. 6330(b)(1), respondent cannot proceed with collection of the tax. Sec. 6330(e)(1). I have yet to find the statutory exceptions to section 6330(b)(1) and (e)(1) for individuals with whom the IRS does not want to deal. Yet the majority, in essence, have imprudently set forth such exceptions. The congressional mandates in section 6330(b)(1) and (e)(1) are unambiguous. The majority, in an attempt to expedite the collection process, have rewritten those provisions. The Court has no authority to do so.

CHIECHI, LARO, VASQUEZ, and MARVEL, JJ., agree with this dissenting opinion.