T.C. Memo. 2001-312

UNITED STATES TAX COURT

HILTON LEE STRICKLAND, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18080-99L.                    Filed December 13, 2001.

Hilton Lee Strickland, pro se.

Brandi B. Darwin, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court under section
6330(d) to review respondent's determination on a proposed levy.
We must decide whether to sustain that determination.  We shall.
Section references are to the Internal Revenue Code as applicable
herein.

FINDINGS OF FACT

Most facts were stipulated. We incorporate herein by this reference the parties' stipulation of facts and the accompanying exhibits. We find the stipulated facts accordingly. Petitioner resided in Florida when his petition was filed.

On September 26, 1998, respondent mailed to petitioner notices of deficiency in his 1995 and 1996 Federal income taxes. Petitioner never petitioned the Court with respect to either notice. On June 9, 1999, respondent's examination office in Holly Hill, Florida (Holly Hill), issued to petitioner for those years and 1997 a document that read in relevant part as follows:

FINAL NOTICE
NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
PLEASE RESPOND IMMEDIATELY

Your Federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

\* \* \* \* \* \* \*

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. We've enclosed Publication 594 with more information, Publication 1660 explaining your right to appeal, and Form 12153 to request a Collection Due Process Hearing with Appeals. \* \* \*

On the same day, petitioner requested the referenced hearing before the Internal Revenue Service Office of Appeals (Appeals). Petitioner stated in his request that "I relied on the advice of a tax return professional who had given me wrong information. I do not owe the taxes which are now being billed to me."

Appeals assigned petitioner's request for a hearing to Settlement Officer Roger Cable, an Appeals officer, and Mr. Cable sent the case to Michael Generazio, a revenue agent in the Holly Hill examination office, for the purpose of holding the hearing.[1] Mr. Generazio held the hearing with petitioner in Holly Hill; as respondent's counsel explained at trial, "there wasn't an appeals officer there that could meet with Petitioner for the due process matter, but –- so he was referred to an examiner there, who he did meet with." Following the hearing, Mr. Cable telephoned petitioner to notify him that Mr. Generazio had concluded that petitioner's Federal income tax liabilities (overpayments) for 1995, 1996, and 1997 were:

| Year | Liability/(overpayments) |
|------|--------------------------|
| 1995 | [1]($129.74) |
| 1996 | 10,525.56 |
| 1997 | (1,973.66) |
|      | 8,422.16 |

[1] This amount was primarily (if not entirely) attributable to interest payable by petitioner with respect to that year's taxes.

_____

[1] The revenue agent who recommended the levy was also assigned to respondent's Holly Hill examination office.

Mr. Cable also notified petitioner that he could pay this amount in full or in monthly installments. Petitioner told Mr. Cable that petitioner was unable to pay the balance in full at that time or to enter into an installment agreement. Petitioner had previously paid to the Commissioner at least $62,000 with respect to subject year taxes by borrowing the money, and he was making monthly payments on that debt while living on a fixed income.

On November 3, 1999, Appeals mailed to petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330. The notice stated that petitioner's Federal income tax liability for the subject years was the $8,422.16 referenced above.

Petitioner petitioned the Court on December 2, 1999, to review respondent's determination. The petition contains no allegation of error as to respondent's determination. Petitioner alleges in the petition that he has already paid his income tax liability for the subject years (exclusive of interest and penalties), that he lives on a "fixed income", and that he has "taken out a second mortgage to clear this debt, which has caused me to be over-extended and behind with all my creditors". Petitioner requested in his petition that the Court waive the $8,422.16. Petitioner asked the Court at trial, as an alternative to waiving that amount, to allow him to meet with a collection officer to discuss that amount.

OPINION[2]

Section 6330 was added to the Code as part of the Internal Revenue Service (IRS) Restructuring and Reform Act of 1998 (RRA), Pub. L. 105-206, 112 Stat. 685. The passage of the RRA culminated a year of congressional investigations and hearings over the future of the IRS, resulting in highly publicized criticisms of the agency's collection methods. The RRA contains over 60 provisions fortifying taxpayer rights and improving customer service, and its passage establishes new taxpayer rights. Section 6330, in particular, "establishes formal procedures * * * where the IRS seeks to collect taxes by levy". S. Rept. 105-174, at 67 (1998), 1998-3 C.B. 537, 603. The Senate Finance Committee explained in its report that "taxpayers are entitled to protections in dealing with the IRS that are similar to those they would have in dealing with any other creditor." Id.

Section 6330 provides in relevant part as follows:

SEC. 6330.  NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

(a) Requirement of Notice Before Levy.--

(1) In general.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing

---

[2] On the basis of the Court's holding in Lunsford v. Commissioner, 117 T.C. ___ (2001) (Lunsford I), we conclude that we have jurisdiction in this case.

under this section before such levy is made.
* * *

* * * * * * *

(b) Right to Fair Hearing.--

(1) In general.--If the person requests
a hearing * * *, such hearing shall be held
by the Internal Revenue Service Office of
Appeals.

Pursuant to the Court's holding in Lunsford v. Commissioner, 117 T.C. ___ (2001) (Lunsford II), we confine our analysis solely to the issues raised in the petition. The only issue that we understand petitioner to have raised in the petition concerns either: (1) The amount and/or existence of the underlying tax liability for 1996 (the only year in issue with a liability) or (2) an offer to compromise the $8,422.16 by paying nothing. Pursuant to Lunsford II, we consider petitioner to have abandoned all other allegations of error which he might have set forth in this petition, including, in particular, any allegation that his hearing with the revenue agent was improper by virtue of the fact that section 6330(b)(1) requires explicitly that a "hearing [under section 6330] shall be held by the Internal Revenue Service Office of Appeals."

As to the first of the two issues possibly raised in the petition, it is well settled in this Court that the taxpayer cannot challenge the amount and/or existence of an underlying tax liability where the taxpayer receives a notice of deficiency.

Id. at ___ (slip op. at 3).  As to the second issue, it is well settled in this Court that we review that issue under an abuse of discretion standard.  Id. at ___ (slip op. at 6).  Because the judicial record at hand does not support our finding of any abuse of discretion on the part of IRS Appeals, we sustain respondent's determination in full.[3]

Decision will be entered for respondent.

---

[3] As to petitioner's request to allow him to meet with a collection officer to discuss the $8,422.16, petitioner has not set forth in his petition any bona fide argument that makes it "either necessary or productive to remand this case to IRS Appeals to consider" that amount.  Lunsford v. Commissioner, 117 T.C. __, __ (2001) (slip op. at 11) (Lunsford II).  We reject that request on the basis of Lunsford II.