T.C. Memo. 2002-59

UNITED STATES TAX COURT

GENE C. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18639-99L.                    Filed February 28, 2002.

Gene C. Smith, pro se.

<u>Joanne B. Minsky</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court under section
6330(d).[1]  We decide herein whether his income tax as assessed by
respondent for 1985, 1986, 1987, and 1988 should be reduced to

_____

[1] Section references are to the Internal Revenue Code
applicable to the relevant years.

take into account additional amounts which petitioner alleges are deductible in determining that tax. We hold it should not.

FINDINGS OF FACT

Most facts were stipulated. We incorporate herein by this reference the parties' stipulation of facts and the accompanying exhibits. Petitioner resided in DeLand, Florida, when his petition was filed with the Court.

Petitioner failed to file timely Federal income tax returns for 1985, 1986, 1987, and 1988. He filed returns for those years on various dates in 1999.

On March 15, 1999, respondent issued a Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner. On March 24, 1999, respondent received a properly completed Form 12153, Request for a Collection Due Process Hearing, wherein petitioner requested a hearing. In a letter dated May 18, 1999, petitioner informed the Appeals officer that he believed he did not "need due process" or otherwise need the hearing. The Appeals officer never conducted a face-to-face meeting or telephone conference with petitioner.

Respondent issued a Notice of Determination to petitioner on December 2, 1999. The determination upheld the prior assessments and proposed levy. In pertinent part, the determination found:

> You failed to file your 1985, 1986, 1987, and 1988
> Federal individual income tax returns and substitute
> returns were prepared by the Atlanta Service Center
> based on information obtained from third parties.

You failed to petition the Tax Court after statutory notices of deficiency were mailed to you.

The only legal requirements before taking general collection enforcement actions are the notice and demand, the notice of intent to levy, and the notice of right to collection due process hearing.  With the best information available, it is determined the requirements of various applicable law and administrative procedures have been met.  All legal and procedural requirements and the levies proposed were appropriate under the circumstances.

OPINION

Where the validity of the underlying tax liability is properly at issue in an appeal brought under section 6330(d), the Court will review the taxpayer's liability under the de novo standard.  Where the underlying liability is not at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).  To determine which standard of review applies, the Court must decide whether petitioner's underlying tax liability is at issue.  A taxpayer may challenge "the existence or amount of the underlying tax liability for any tax period if the * * * [taxpayer] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).

Petitioner's sole allegation in his petition is that respondent's determination is incorrect in that it fails to reflect certain deductions.  Petitioner alleged in his opening statement that the notices of deficiency were not mailed to his

last known address and that he did not receive the notices of deficiency.  Respondent asserts that petitioner's underlying tax liability is not before the Court.  Respondent contends that there is no evidence petitioner did not receive the notices of deficiency.

The parties ask the Court to decide primarily whether petitioner received a notice of deficiency for any of the subject years.  If he did, he would be precluded from challenging his underlying tax liability for the related year or years.  We need not and do not decide that issue.  Assuming arguendo that petitioner did not receive a notice of deficiency for any of the subject years and thus was entitled to challenge his underlying tax liability for each of those years, he has not established that he is entitled to any of the additional deductions which he claims.  Petitioner did not provide at trial any evidence, in the form of either testimony or documentation, to support his claim to any additional deduction.  In fact, he chose to present no evidence at all other than by way of the stipulated facts and exhibits, none of which adequately supports his claim.  Given that petitioner set forth in his petition no allegation that respondent abused his discretion, that petitioner has not claimed that the proposed method of collection is inappropriate, that petitioner has not offered any alternative means of collection,

and that petitioner has raised no spousal defenses, we hold for respondent.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001).

Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.