T.C. Summary Opinion 2004-144


UNITED STATES TAX COURT


LINH N. NGUYEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18531-03S.          Filed October 20, 2004.


Linh N. Nguyen, pro se.

<u>Jason M. Kuratnick</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This case is before the Court on respondent's motion for summary judgment under Rule 121. This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sent to petitioner.

## Background

Respondent issued to petitioner a notice of deficiency for taxable years 1994 and 1995. The notice determined deficiencies of $12,510 and $10,626 for 1994 and 1995, respectively. The notice also determined an addition to tax under section 6651(a)(1) for failure to timely file an income tax return for 1994 of $2,720. In addition, respondent issued to petitioner a notice of deficiency for taxable year 1996 determining a deficiency of $3,878 and an accuracy-related penalty under section 6662(a) of $776.

Both notices were sent to petitioner and his wife, Lan Thi Nguyen,[1] at 316 Pennsylvania Avenue, Downingtown, Pennsylvania 19335-2645. Neither petitioner nor his wife filed a petition with the Tax Court in response to the notices of deficiency. Subsequently, respondent assessed the deficiencies and interest for tax years 1994 and 1995. Respondent also assessed the

[1]Mrs. Nguyen did not sign the Form 12153, Request for a Collection Due Process Hearing, or participate in the collection due process hearing and is not a party to this case.

addition to tax for 1994.  Additionally, respondent assessed the deficiency, penalty, and interest for tax year 1996.

Respondent filed a Notice of Federal Tax Lien with respect to petitioner's tax liabilities.  The unpaid balance was shown as $35,991.  Thereafter, respondent sent to petitioner, a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, regarding the lien.  Petitioner returned to respondent a Form 12153, Request for a Collection Due Process Hearing.  It was signed only by petitioner, not by his wife.

On the Form 12153, petitioner supplied the following explanation of his disagreement with the lien:  "I was on business and was filling [sic] income every year I was loss [sic] large money on this business and the end of it I wass [sic] closed this business The (illegible) I was loss [sic] large money."

After an in-person hearing with petitioner, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (collection notice) for tax years 1994, 1995, and 1996.

Petitioner's petition challenging the collection notice was filed with the Tax Court and reflected an address for petitioner at 316 Pennsylvania Avenue, Downingtown, Pennsylvania 19335.  The petition states:

"I request that the Court reevaluate and reduce my tax liabilities for these years. I did not make money in my part-time business and I filed the tax returns for these years with H&R Block."

Respondent asks for summary judgment with respect to the Notice of Determination in that petitioner's receipt of the notices of deficiency precludes him from challenging the underlying deficiencies. The only error assigned in the petition pertains to petitioner's challenge of his underlying liabilities. Petitioner was ordered to file a response to respondent's motion. No response has been received by the Court.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary

judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d). The Court has considered the pleadings and other materials in the record and concludes that there is no genuine justiciable issue of material fact regarding the collection matters in this case.

I.   Collection Actions--General Rules

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment. The lien generally arises at the time assessment is made. Sec. 6322.

The Secretary must notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323. Sec. 6320(a)(1). The notice required by section 6320 must advise the taxpayer of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals. Sec. 6320(a)(2) and (3). Section 6320(b) and (c) grants a taxpayer, who so requests, the right to a fair hearing before an impartial Appeals officer, generally to be conducted in accordance with the procedures described in section 6330(c), (d), and (e).

Section 6330(c) addresses the matters to be considered at the hearing. As relevant here, a taxpayer may challenge the appropriateness of the Commissioner's collection actions and submit offers of collection alternatives. Sec. 6330(c)(2)(A)(ii) and (iii). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency for the liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Once the Appeals officer has issued a determination regarding the disputed collection action, the taxpayer may seek judicial review in the Tax Court or if the Tax Court lacks jurisdiction in the matter, in a U.S. District Court. Sec. 6330(d). Where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

II. Analysis

In this case, petitioner's only challenge with respect to the collection notice pertains to his underlying tax liabilities for 1994, 1995, and 1996. Petitioner, however, was previously issued statutory notices of deficiency for each of the years in

issue but failed to commence an action in this Court.  He has at no time alleged that he did not receive the deficiency notices, and there is no evidence in the record that any of the notices were returned as unclaimed or undeliverable.  Accordingly, section 6330(c)(2)(B) precludes petitioner from disputing his underlying liabilities in this proceeding.

Petitioner has not raised any challenges to the appropriateness of the collection action or any collection alternatives.  A petition for review of a collection action must clearly specify the errors alleged to have been committed in the notice of determination.  Any issues not raised in the assignments of error are deemed to be conceded by petitioner. Rule 331(b)(4); see Goza v. Commissioner, 114 T.C. 176, 183 (2000); see also Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001).

The Court will grant respondent's motion for summary judgment.  Accordingly, respondent may keep in place the notice of tax lien filed with respect to petitioner's tax liabilities.

To reflect the foregoing,

An appropriate order and

decision will be entered in

this case.