T.C. Memo. 2002-304

UNITED STATES TAX COURT

STUART M. SMITH, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10478-00L.                    Filed December 12, 2002.

Stuart M. Smith, Jr., pro se.

Alvin A. Ohm, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner, while residing in Dallas, Texas, petitioned the Court under section 6330(d) to review respondent's determination as to his proposed levy upon petitioner's property. Respondent proposed the levy to collect petitioner's 1985 and 1986 Federal income tax liability (including accuracy-related penalties and interest).  For the reasons set forth below, we

shall sustain respondent's determination as to the proposed levy. Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference.

Petitioner failed to file Federal income tax returns for 1985 and 1986. The record establishes that respondent filed substitutes for returns for those taxable years on February 7, 1990.

On September 28, 1994, respondent sent a notice of deficiency to petitioner.[1] The notice determined that petitioner was liable for a $4,489 deficiency in his 1985 income tax and additions to tax under sections 6651, 6653(a)(1), and 6654 totaling $1,601. The notice also determined that petitioner was liable for the time-sensitive addition to tax under section 6653(a)(2).

Petitioner did not petition the Court with respect to the notice. That notice was returned to respondent with a handwritten note on the envelope: "moved from this address."

---

[1] The notice pertained to 1983, 1984, and 1985. Because the current action involves only 1 of these 3 years, namely, 1985, we limit our discussion accordingly.

When sending the notice of deficiency to petitioner, respondent used the address petitioner indicated in a stipulated decision of the Tax Court with respect to petitioner's 1986 Federal income tax liability, signed by petitioner on January 24, 1994, and entered by the Court on January 28, 1994.[2]  Smith v. Commissioner, docket No. 13936-93.  Petitioner has never filed a Federal income tax return for 1993, 1994, or 1995.  Nor does the record indicate that petitioner has filed a Federal income tax return for any of the years from 1983 to 1996.  Cf. Smith v. Commissioner, T.C. Memo. 2000-43 (1992 through 1996 taxable years), affd. without published opinion 252 F.3d 1357 (5th Cir. 2001).

On February 24, 1999, respondent mailed to petitioner a Letter 3164 with respect to 1985 and 1986, informing petitioner of the balance of taxes due, including statutory additions.  On the same date, respondent sent to petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing as to 1985 and 1986.

On March 1, 1999, petitioner sent to respondent a Form 12153 requesting a collection due process hearing under section 6330. On November 26, 1999, the Appeals officer mailed to petitioner a letter suggesting that a hearing be held on January 6, 2000.

---

[2] This address was the address used by the Court throughout that proceeding.

Petitioner agreed with this date for the hearing by letter sent back to the Appeals officer on December 13, 1999.

On January 6, 2000, the Appeals officer held with petitioner the requisite hearing under section 6330. At the hearing, the Appeals officer attempted to discuss with petitioner his underlying tax liability for 1985. Petitioner stated that he had no tax liability for 1985 and refused to answer any questions and/or provide additional information or documentation with respect to that year.

On September 8, 2000, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1985 and 1986. This notice reflected the determination of Appeals to sustain the proposed levy.

## OPINION

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). In the case of such judicial review, the Court will review a taxpayer's liability de novo where the validity of the underlying tax liability is at issue. The Court will review the Commissioner's administrative determination for abuse of discretion in all other cases. Sego v. Commissioner, 114 T.C. 604, 610 (2000). A taxpayer may challenge "the existence or amount of the underlying tax liability for any tax period if the * * * [taxpayer] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); Smith v. Commissioner, T.C. Memo. 2002-59.

Petitioner's only allegation in his petition is that respondent failed to send the statutory notice of deficiency for 1985[3] to petitioner's "last known address." If petitioner did

---

[3] Even though a notice of determination was issued to petitioner for 1985 and 1986, we conclude that petitioner's allegation pertains solely to 1985; petitioner not only received a notice of deficiency for 1986, but he petitioned the Court with

(continued...)

receive a notice of deficiency for 1985, he would be precluded from challenging his underlying tax liability for that year. We need not and do not decide that issue. We believe it reasonable under the facts herein for the Commissioner to have sent the notice of deficiency to the address that petitioner gave to the Court in his case at docket No. 13936-93. Our Rules require that an individual, such as petitioner, include on his petition his "name and legal residence" and "mailing address". Rule 34(b)(1). That Rule requires that those items be stated as of the date of the filing of the petition. In addition, our Rules require that such an individual promptly notify the Court of any change in his or her mailing address. Rule 21(b)(4). We conclude that it was reasonable for respondent to have relied for purposes of issuing the 1985 notice of deficiency on the address set forth in the Court's records.

Assuming arguendo that petitioner did not receive that notice of deficiency and thus was entitled to challenge his underlying tax liability for that year, he chose not to do so. The record clearly establishes that the Appeals officer attempted to discuss with petitioner at the hearing his underlying tax liability for 1985, and that petitioner refused to answer any questions or provide any information with respect to that line of

---

³(...continued)
respect thereto and stipulated a final decision establishing his liability for 1986.

discussion.  Petitioner did not provide any evidence that the amount of his tax liability for 1985, as determined by respondent, is incorrect.  Given that petitioner set forth in his petition no allegation that respondent abused his discretion, that petitioner has not claimed that the proposed method of collection is inappropriate, that petitioner has not offered any alternative means of collection, and that petitioner has raised no spousal defenses, we hold for respondent.  See Lunsford v. Commissioner, 117 T.C. 183 (2001); Smith v. Commissioner, T.C. Memo. 2002-59.  To reflect the foregoing,

Decision will be entered

for respondent.