T.C. Summary Opinion 2003-149

UNITED STATES TAX COURT

JANIE M. DIXON AND JOSEPH DIXON, JR., Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3356-03S.                    Filed October 10, 2003.

<u>Michael S. McNair</u>, for petitioners.

<u>Alan Friday</u>, for respondent.

WHERRY, <u>Judge</u>:  This case is before the Court on
respondent's motion for partial summary judgment under Rule 121.[1]
The petition was filed pursuant to the provisions of section
7463.  The decision to be entered is not reviewable by any other
court, and this opinion should not be cited as authority.  The
instant proceeding arises from a petition for judicial review

_____

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, and Rule references
are to the Tax Court Rules of Practice and Procedure.

filed in response to: (1) Separate Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sent to petitioner Janie M. Dixon (Ms. Dixon) and to petitioner Joseph Dixon, Jr. (Mr. Dixon); and (2) a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability Under Section 6015 sent to Ms. Dixon. Respondent moves for partial summary judgment with respect to collection issues other than Ms. Dixon's request for spousal relief. The section 6015 claim will be dealt with separately at a later date.

## Background

On January 7, 2000, respondent issued to petitioners a notice of deficiency for the taxable year 1997. The notice reflected a deficiency of $13,230 and an accuracy-related penalty under section 6662 of $2,646. The notice was sent by U.S. certified mail to petitioners at 1628 Gilda Circle, Mobile, Alabama 36618-1842281. Petitioners did not file a petition with the Tax Court in response to the notice of deficiency, and respondent assessed the deficiency, penalty, and $2,921.22 interest on May 29, 2000.

On December 29, 2000, respondent filed a Notice of Federal Tax Lien with the Judge of Probate, Mobile County, Alabama, listing petitioners' income tax liabilities for 1997. The unpaid balance was shown as $18,797.22. Thereafter, on January 4, 2001, respondent sent to petitioners a Notice of Federal Tax Lien

Filing and Your Right to a Hearing Under IRC 6320 regarding the just-described lien. Petitioners returned to respondent a Form 12153, Request for a Collection Due Process Hearing, signed by both petitioners and dated January 30, 2001. Petitioners on the Form 12153 supplied the following explanation of their disagreement with the lien: "The wrong SS# was filed in 1997. Joseph did not make[,] work, or receive any money from any employer. We contacted the IRS several time [sic] to try & get this corrected. We even contacted the employer once we found out about this. Nothing was resolved."

Additionally, the record contains a handwritten statement dated February 3, 2001, signed by Ms. Dixon, and apparently provided to respondent. Therein, Ms. Dixon further details circumstances surrounding an allegedly mistaken Form W-2, Wage and Tax Statement, and asserts: "When I filed my taxes for the year 1997 I knew absolutely nothing about any taxes or wages in my husband [sic] name. * * * I donot [sic] think that I should be held accountable for some thing [sic] I had no knowledge about."

After a telephone conference conducted on October 17, 2002, respondent on January 27, 2003, issued the above-mentioned Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 and Notice of Determination Concerning Your Request for Relief from Joint and Several Liability Under Section 6015. These notices sustained the filing of the notice

of Federal tax lien and denied relief to Ms. Dixon under section 6015(b), (c), or (f).

Petitioners' petition challenging these notices was filed with the Tax Court on March 3, 2003, and reflected an address for Ms. Dixon at 1628 Gilda Circle, Mobile, Alabama 36618, and for Mr. Dixon at 559 Sweeney Lane, Mobile, Alabama 36617. The petition contains two counts. Count one states:

> Petitioners disagree with the determination concerning requests for relief from joint and several liability under Section 6015, dated January 27, 2003, on grounds that the taxpayer was unaware of any unreported income as her husband and her father-in-law handled all of the details of the income in question.

Count two reads:

> Petitioners disagree with the determination concerning collection actions under Sections 6320 and/or 6330 in that there was no unreported non-employee compensation as set forth in the determination as this was not money earned by either of the Petitioners.

Respondent then filed the subject motion for partial summary judgment on September 5, 2003. Respondent asks for summary judgment with respect to the propriety of the Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 in that "petitioners' receipt of the statutory notice of deficiency precludes challenging the underlying tax liability for the taxable year 1997, the only error assigned in the petition as to the collection due process issue." Petitioners were ordered to file any response to respondent's motion on or

before September 24, 2003.  No such response was received by the Court.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  Facts are viewed in the light most favorable to the nonmoving party.  Id.  However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).  The Court has considered the pleadings and other materials in the record and concludes that there is no genuine justiciable issue of material

fact regarding the collection matters, other than Ms. Dixon's request for spousal relief, in this case.

I.  Collection Actions--General Rules

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment.  The lien generally arises at the time assessment is made.  Sec. 6322.  Section 6323, however, provides that such lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials.

Section 6320 then sets forth procedures applicable to afford protections for taxpayers in lien situations.  Section 6320(a)(1) establishes the requirement that the Secretary notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323.  This notice required by section 6320 must be sent not more than 5 business days after the notice of tax lien is filed and must advise the taxpayer of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals.  Sec. 6320(a)(2) and (3).  Section 6320(b) and (c) grants a taxpayer, who so requests, the right to a fair hearing before an impartial

Appeals officer, generally to be conducted in accordance with the procedures described in section 6330(c), (d), and (e).

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows

the taxpayer to seek judicial review in the Tax Court or a U.S. District Court. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

II. Analysis

As to the case at bar, the sole contention advanced by petitioners in their pleadings with respect to the Notices of Determination Concerning Collection Action(s) pertains to their underlying liability for the 1997 year. Specifically, the question of whether petitioners received unreported income would affect the amount of taxes owed for 1997. Petitioners, however, were previously issued a statutory notice of deficiency for 1997 but failed to institute a case in this Court. They have at no time alleged that they did not receive the deficiency notice, and respondent's records do not show that the notice was returned as unclaimed or undeliverable. Accordingly, section 6330(c)(2)(B) precludes petitioners from disputing the unreported income issue and their corresponding liability in the instant proceeding.

With respect to matters subject to review in collection proceedings for abuse of discretion, the spousal claim advanced

by Ms. Dixon, set forth separately in petitioners' pleadings, will as indicated above be dealt with separately at a later date. Otherwise, petitioners have not raised any challenges to the appropriateness of the collection action or any collection alternatives.  As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded.  See Goza v. Commissioner, 114 T.C. 176, 183 (2000); see also Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001).

The Court will grant respondent's motion for partial summary judgment.  Accordingly, except to the extent of any relief from joint and several liability afforded to Ms. Dixon through future proceedings, the decision ultimately entered in this case will reflect that respondent may proceed with collection of petitioners' tax liabilities.

To reflect the foregoing,

An appropriate order granting respondent's motion for partial summary judgment will be issued.