T.C. Memo. 2003-334

UNITED STATES TAX COURT

ANTHONY SCIOLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11876-02L.              Filed December 4, 2003.

Anthony Sciola, pro se.

<u>Louise R. Forbes</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.[1]  The issue for decision is whether respondent may

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended.

proceed with collection of tax liabilities for the years 1995 and 1996.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Wenham, Massachusetts, on the date the petition was filed in this case.

Petitioner did not file Federal income tax returns for the years 1995 and 1996. On March 31, 1999, respondent sent to petitioner, via certified mail, two notices of deficiency. The notices determined deficiencies and additions to tax totaling $21,364.19 for 1995 and $34,649.48 for 1996. Respondent provided the Court with a copy of the certified mailing list, stamped March 31, 1999, showing that respondent mailed the notices to petitioner at his residential address. Petitioner did not petition this Court with respect to either of the notices of deficiency. On August 30, 1999, respondent assessed the 1995 and 1996 tax liabilities as determined in the notices of deficiency. On June 11, 2001, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for the years 1995 and 1996. The notice reflected unpaid tax liabilities for 1995 and 1996 in the amounts of $1,506.92 and $39,576.66, respectively. In response to this notice, petitioner filed a Request for a Collection Due Process Hearing. The only

disagreement with the lien notice which petitioner listed on the request for a hearing was that "The amounts of the taxes due are incorrect." After conducting the hearing, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, in which respondent found the Notice of Federal Tax Lien to be proper and determined that collection of the tax liabilities should proceed. The notice of determination states that the following issues were raised by petitioner and considered by Appeals:

> Taxpayer [petitioner] stated on Form 12153 "The amount of the taxes due are incorrect", during telephone contact with Appeals on February 20, 2002 the taxpayer stated that he had a previous opportunity to address the liability and he understood that he would be precluded under IRC 6330 from raising liability issue at this time. During telephone conference on March 27, 2002 taxpayer was told that Income Tax Returns have not been filed for 1997, 1998, 1999, 2000 and as such it would be impossible to consider alternative collection action. Mr. Sciola was given an additional 30 days to provide copies of filed returns. Mr. Sciola has failed to provide copies of filed returns requested or contact Appeals to explain the failure. Appeals was unable to consider any collection alternative as taxpayer was not in compliance.

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment. Within 5 business days after filing notice of a lien pursuant to section 6323, the Secretary must notify the taxpayer of his right to a fair hearing before an impartial Appeals officer, generally to be conducted in accordance with the

procedures described in section 6330(c), (d), and (e).  Sec. 6320.

Section 6330(c) addresses the matters to be considered at a section 6320 hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
>> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>>
>> (2) Issues at hearing.--
>>
>>> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>>>
>>>> (i) appropriate spousal defenses;
>>>>
>>>> (ii) challenges to the appropriateness of collection actions; and
>>>>
>>>> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>>>
>>> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Thus, under section 6330(c)(2)(B), a taxpayer who receives a notice of deficiency is precluded from challenging an underlying tax liability at the hearing.  For purposes of this provision, receipt of a notice of deficiency means receipt in time to

petition this Court for redetermination of the deficiency asserted therein.  Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  This implies that section 6330(c)(2)(B) contemplates actual receipt of the notice of deficiency by the taxpayer.  Id.; Tatum v. Commissioner, T.C. Memo. 2003-115.[2]

Once an Appeals officer has issued a determination regarding the disputed collection action, the taxpayer may seek judicial review of the determination.  Sec. 6330(d)(1).  In considering whether a taxpayer is entitled to any relief from the Commissioner's determination, this Court has established the following standards of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's determination for abuse of discretion.

Sego v. Commissioner, 114 T.C. 604, 610 (2000).

In his petition, petitioner's arguments addressed only the underlying tax liabilities.  Petitioner, however, did not allege in the petition that he did not receive the notices of deficiency.  Petitioner's only argument concerning receipt of the

---

[2]An exception is made where a taxpayer deliberately refuses delivery of a notice of deficiency, in which case the taxpayer may not contest the underlying tax liability in the hearing or upon subsequent judicial review.  Sego v. Commissioner, 114 T.C. 604, 611 (2000).

notices of deficiency was presented in his opening statement.  He
argues:

> While the IRS apparently had mailed a notice of
> deficiency or a tax lien to me, I was away from the
> residence on a protracted job assignment that was typical
> for the work that I had to do, like six months.  Didn't --
> did not default because not having the notification, I
> wasn't aware that I had a time limitation.  And so the
> default happened because of that situation, not that I, you
> know, knowingly ignored it.

We do not interpret this argument to be an affirmative denial
that petitioner received the notices of deficiency.  First,
petitioner does not argue that respondent mailed the notices of
deficiency to an incorrect address or that the notices otherwise
did not arrive at his residence in a timely manner.  Second, we
do not accept petitioner's implication that a period of
employment away from his home would entail an inability to
receive mail.  Finally, petitioner did not offer testimony or
other evidence concerning any details of his receipt, or failure
to receive, the notices of deficiency.  Petitioner merely
testified that he was sometimes away from his residence for 6-
month periods of time, and he described the general nature of his
employment as the installation of digital cellular phone systems.
However, petitioner did not attempt to correlate any absences
from his residence with the time period when the notices of

deficiency were mailed to him.  Nor did petitioner testify that he did not receive the notices.[3]

The parties have stipulated, and the record establishes, that respondent mailed the notices of deficiency to petitioner at his residence.  In the absence of sufficient evidence to the contrary, and in the absence of an affirmative denial by petitioner that he received the notices, we conclude that petitioner, in fact, received the notices.  See Sego v. Commissioner, supra at 611 ("In the absence of clear evidence to the contrary, the presumptions of official regularity and of delivery justify the conclusion that the statutory notice was sent and that attempts to deliver were made in the manner contended by respondent.").

In his petition and at trial, petitioner disputes only the underlying 1995 and 1996 tax liabilities.  However, because petitioner received the notices of deficiency, he is precluded from contesting the underlying tax liabilities in this case. Sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. 176 (2000). Petitioner has not set forth any other arguments concerning respondent's determination, such as a spousal defense, a challenge to the appropriateness of collection activities, or an offer of a collection alternative.  Nor has petitioner alleged

_____

[3]Petitioner likewise offered no evidence concerning the underlying tax liabilities, stating that he had been informed that the underlying deficiencies would not be addressed at trial.

that the Secretary failed to meet the requirements of any applicable law or administrative procedure.  Consequently, there are no grounds upon which we could conclude that respondent's determination to proceed with collection was an abuse of discretion.  <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 186 (2001); <u>Sego v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.