T.C. Summary Opinion 2004-172


UNITED STATES TAX COURT


DAVID AND LUDMILA KLET, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4486-04S.                    Filed December 20, 2004.


David and Ludmila Klet, pro sese.

Mindy S. Meigs, for respondent.


PAJAK, Special Trial Judge: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

This case is before the Court on respondent's motion for summary judgment under Rule 121. This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sent to petitioners.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Los Angeles, California, at the time they filed their petition.

Petitioners received an extension to file their 1992 Form 1040, U.S. Individual Income Tax Return (return), to October 15, 1993. Petitioners then filed their 1992 return late on December 18, 1993. Petitioners received an extension to October 15, 1994, and October 15, 1995, to file their 1993 and 1994 returns, respectively. Petitioners then filed the tax returns late on September 5, 1995, and October 10, 1995, respectively. Petitioners received an extension to file their 1995 return to October 15, 1996. Petitioners then filed their 1995 tax return late on August 16, 1997.

As stated, petitioners timely filed extensions in which to file their returns for 1992, 1993, 1994, and 1995 (the four years). Petitioners then filed late joint returns for these four years. They failed to pay all of the liabilities reported on the returns. Respondent assessed the reported liabilities, along with additions to tax and interest, for the respective years.

On September 30, 1996, petitioners filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code in California. On October 15, 1996, the Internal Revenue Service filed a proof of claim in petitioners' bankruptcy proceeding which included $45,814.97 in income tax liabilities plus interest for the four years. On November 1, 1996, petitioners' bankruptcy proceeding was converted from a Chapter 13 to a Chapter 7 bankruptcy proceeding. On March 14, 1997, the bankruptcy court entered an order of discharge in the petitioners' bankruptcy case.

On February 11, 2003, respondent filed a Notice of Federal Tax Lien with the Los Angeles County Recorder's Office in connection with petitioners' unpaid income tax liabilities for the four years. On February 14, 2003, respondent issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (the notice), which advised petitioners that a notice of Federal tax lien has been filed with respect to their unpaid income tax liabilities for the four years, and that petitioners were entitled to a hearing.

On March 25, 2003, petitioners timely filed Form 12153, Request for Collection Due Process Hearing. In their request, petitioners claimed that the tax liabilities for the four years were discharged in the bankruptcy proceeding.

On December 9, 2003, a face-to-face conference was held

between an Appeals officer and petitioners.  During the hearing, petitioners said that all the money owed to the Internal Revenue Service was discharged with their other debts in a bankruptcy proceeding.

On February 13, 2004, respondent issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination), with respect to petitioners' income tax liabilities for the four years.

On March 11, 2004, petitioners filed a petition with this Court based on the Notice of Determination.  The petition was filed as a petition for lien or levy action under section 6320(c) or 6330(d).  Petitioners challenge their liabilities for the years in issue only on the ground that the liabilities were discharged by the bankruptcy court.

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is

entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment. The lien generally arises at the time assessment is made. Sec. 6322.

The Secretary must notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323. Sec. 6320(a)(1). The notice required by section 6320 must advise the taxpayer of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals. Section 6320(b) and (c) grant a taxpayer, who so requests, the right to a fair hearing before an impartial Appeals officer, generally to be conducted in accordance with the procedures described in section 6330(c).

Section 6330(c) addresses the matters to be considered at

the hearing.  As relevant here, a taxpayer may challenge the appropriateness of the Commissioner's collection actions and submit offers of collection alternatives.  Sec. 6330(c)(2)(A)(ii) and (iii).  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency for the liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Once the Appeals officer has issued a determination regarding the disputed collection action, the taxpayer may seek judicial review in the Tax Court or, if the Tax Court lacks jurisdiction in the matter, in a U.S. District Court.  Sec. 6330(d).  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).

The Tax Court has jurisdiction in a lien proceeding, instituted under section 6330(d)(1), to determine whether a petitioner's unpaid liabilities were discharged in bankruptcy. Washington v. Commissioner, 120 T.C. 114, 120-121 (2003).

In this case, petitioners' only challenge with respect to the collection notice is a claim that the bankruptcy court had

discharged their liabilities.

The March 14, 1997, discharge order generally releases the petitioners from all dischargeable debts, "(a) debts dischargeable under 11 U.S.C. Section 523; (b) * * * debts alleged to be excepted from discharge under clauses (2), (4), (6) and (15) of 11 U.S.C. Section 523(a)", and other debts the bankruptcy court further determined to be discharged.

The Supreme Court has stated in Young v. United States, 535 U.S. 43, 44 (2002), that "A discharge under the Bankruptcy Code does not extinguish certain tax liabilities for which a return was due within 3 years before the filing of an individual debtor's petition. 11 U.S.C. §§523(a)(1)(A), 507(a)(8)(A)(i)." Or to put it another way, an income tax is a nondischargeable priority claim against the estate if it relates to a tax return whose due date, including extensions, was less than 3 years before the commencement of the bankruptcy case. 11 U.S.C. sec. 507(a)(8)(A)(i) (2000).

As previously noted, petitioners filed a bankruptcy petition on September 30, 1996. The 1992, 1993, and 1994 tax liabilities are nondischargeable because they relate to tax returns the due date of which, including extensions, was less than 3 years from the date the bankruptcy petition was filed. 11 U.S.C. secs. 523(a)(1) and 507(a)(8)(A). The 1995 tax liability is non-dischargeable because it relates to a tax return the due date of

which, including extensions, was for a date after the date on which the bankruptcy petition was filed.  Id.

The Notice of Determination included findings that all applicable statutory and administrative procedures were met, that for the taxes to be discharged, the due date of a return, including extensions, must be 3 years before the filing of the bankruptcy, that the due date of each of petitioners' returns for the four years, including extensions, was less than 3 years before the filing of their bankruptcy petition, that petitioners paid the liabilities for 1992 and 1995 in full but failed to meet the criteria for an offer in compromise, and that the notice of lien was appropriate.  Petitioners have not raised any other challenges to the appropriateness of the collection action or any collection alternatives.  A petition for review of a collection action must clearly specify the errors alleged to have been committed in the Notice of Determination.  Any issue not raised in the assignments of error is deemed to be conceded by petitioners.  Rule 331(b)(4); Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001).  There was no abuse of discretion with respect to the issuance of the Notice of Determination.

We conclude that the bankruptcy court did not specifically determine that the petitioners' unpaid Federal tax liabilities were discharged by the bankruptcy proceeding or were dischargeable debts under the Bankruptcy Code.  The Court has

considered the pleadings and other materials in the record and concludes that there is no genuine justiciable issue of material fact regarding the collection matters in this case.

The Court will grant respondent's motion for summary judgment, except with respect to 1992 and 1995, for which petitioners satisfied their liabilities in full, and which we assume respondent will issue a certificate of release pursuant to section 6325.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect to foregoing,

<u>An appropriate order and decision will be entered</u>.