T.C. Memo. 2005-183

UNITED STATES TAX COURT

MICHAEL JACK STEPHENS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9485-04L.                    Filed July 26, 2005.

Michael Jack Stephens, pro se.

Pamela L. Mable, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  This matter is before the Court on
respondent's motion to dismiss for failure to state a claim upon
which relief can be granted.  All section references are to the
Internal Revenue Code, as amended, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

## Background

At the time of the filing of the petition, petitioner resided in Bloomingdale, Georgia.

On March 30, 2003, respondent issued to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing for tax year 2001. In response, petitioner timely requested a hearing by filing Form 12153, Request for Collection Due Process Hearing, citing frivolous arguments in support of his request.

During the Appeals process, Settlement Officer Powell had a telephone conversation with petitioner in which he requested a face-to-face hearing in Savannah, Georgia. Respondent's Office of Appeals had previously sent a letter to petitioner stating that petitioner would not receive a face-to-face hearing unless he had nonfrivolous issues to discuss but instead would receive a hearing by telephone and/or correspondence. When Settlement Officer Powell asked what issues petitioner would discuss at a face-to-face hearing, petitioner said he wanted to discuss the law that forces him to pay tax. Settlement Officer Powell informed petitioner that the issue was frivolous and he would therefore only receive a telephone or correspondence hearing. Petitioner then stated that, if he did not receive a face-to-face hearing in Savannah, Georgia, he did not want a hearing.

Settlement Officer Powell then verified that he had no prior involvement with the unpaid income tax at issue, that petitioner had an unpaid income tax liability for taxable year 2001, and that respondent met the requirements of all applicable laws and administrative procedures.  Settlement Officer Powell considered whether the proposed collection action balanced the need for the efficient collection of taxes with the concern of petitioner that any collection action be no more intrusive than necessary. Petitioner did not raise, and, consequently, Settlement Officer Powell did not consider, any challenges to the appropriateness of the collection actions or offers of collection alternatives.

On May 11, 2004, respondent issued a notice of determination sustaining the proposed levy.  In response, petitioner timely petitioned this Court.[1]  The petition states in part:

> The person involved in the determination has not answered
> any on my question. I have exhausted my ability to keep
> asking when they the IRS just acts like I am sheep they can
> run over. I will not ask any more, when they should have
> already answered my request. I have called, and called, and
> I can't even get a response, other than one agent told me,
> "you owe this because my computer says you owe it." One of
> the other agents I talked to told me,"I am the IRS I can
> take your property anytime I want too". Well I guess this is
> where we are going, we are going to see just how it works.
> the rest of my research is on the other 5 pages. I was

---

[1]Petitioner incorrectly marked the area of the Court's standard petition form used to identify the type of action sought.  Petitioner indicated that it was a Petition for Redetermination of a Deficiency.  The Court has treated this pleading as a Petition for Lien or Levy Action (Collection Action).

denied a due process hearing, all I got was a phone call and they made up the rest in the notice of determination.

Petitioner attached five additional pages to the petition which include the following: (1) Numerous citations to Federal and Supreme Court cases; (2) quotes from various Congressional proceedings, including a Senate hearing regarding formation of the UN; (3) a quote from John Maynard Keynes about inflation; and (4) various Code sections.  Petitioner's response to the instant motion and statements at the hearing on the motion contain similar arguments, including: (1) The definition of frivolous; (2) quotes from Thomas Jefferson and George Washington; (3) citations of various sections of the Internal Revenue Code and the Regulations; (4) an argument based on the Sixth Amendment; (5) a section 861 argument often advanced by tax protesters; and (6) various religious statements.

## Discussion

Rule 331(b)(4) requires that a petition in a levy action contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination.  Any issue not raised in the assignments of error shall be deemed to be conceded.  Each assignment of error shall be separately lettered."  Rule 331(b)(5) further requires that the petition contain "[c]lear and concise lettered statements of the facts on which the petitioner bases each

assignment of error." See <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001); <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000).

The petition in the instant case does not contain clear and concise assignments of any error that petitioner alleges to have been committed in the notice of determination. Likewise, the petition does not contain clear and concise lettered statements of the facts on which petitioner bases an assignment of error. Instead, petitioner argues only law and legal conclusions in the petition as evinced by the attachments to the petition.

The petition neither conforms to this Court's Rules of Practice and Procedure, nor states a claim upon which relief can be granted.[2] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. See <u>Goza v. Commissioner</u>, <u>supra</u>.

---

[2]Petitioner's contention that he is entitled to a face-to-face hearing has no merit. Hearings conducted under sec. 6330 are informal proceedings, not formal adjudications. <u>Katz v. Commissioner</u>, 115 T.C. 329, 337 (2000); <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000). Hearings may be held as face-to-face meetings, and they may also be conducted by telephone or by correspondence. <u>Katz v. Commissioner</u>, <u>supra</u> at 337-338; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.

In light of petitioner's frivolous arguments, a face-to-face hearing in this case would not be productive. See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001). We note that respondent offered a face-to-face hearing if petitioner raised any meaningful issue regarding his tax liability or the proposed levy.

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.[3]  In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), we issued a warning to taxpayers concerning the imposition of a penalty under section 6673(a)(1) on those taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions.  The Court has since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.  See, e.g., <u>Craig v. Commissioner</u>, 119 T.C. 252, 264-265 (2002) (and cases cited therein).

Respondent has not sought a section 6673 penalty in this case, and the Court declines to impose such a penalty because the record contains no evidence that petitioner has been warned expressly that we may do so under the circumstances extant herein.  However, petitioner is now so warned.  If petitioner insists on asserting frivolous and irrelevant arguments in the

---

[3]Respondent did not move for a penalty under sec. 6673(a)(1).  However, the Court considers this issue sua sponte.

future, or instituting court proceedings primarily for the purpose of delaying collection, penalties will be imposed.

To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.