T.C. Memo. 2007-304

UNITED STATES TAX COURT

ALFRED A. DIFFEE, JR. AND NORMA J. DIFFEE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16567-06.                    Filed October 9, 2007.


Paul R. Tom, for petitioners.

G. Chad Barton, for respondent.


MEMORANDUM OPINION

MARVEL, Judge:  This matter is before the Court on
respondent's motion for summary judgment, filed under Rule 121.[1]

------

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the years at issue.  Some monetary
amounts are rounded to the nearest dollar.

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioners' unpaid Federal income tax liabilities for 2001 and 2002. Petitioners resided in Oakhurst, Oklahoma, when the petition was filed.

On July 2, 2005, respondent sent petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the years at issue. Petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing. In their request, petitioners asserted that a levy would be "devastating" and requested payment of their tax liabilities through an installment agreement.

On September 13, 2005, respondent sent petitioners a letter acknowledging petitioners' request for a section 6330 hearing. On May 1, 2006, Settlement Officer Greg Clark (Officer Clark) sent petitioners a letter scheduling a telephone conference on May 23, 2006, to discuss collection alternatives. In addition, Officer Clark requested that petitioners produce a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (Form 433-A); Form 1040, U.S. Individual Income Tax Return, for 2004 and 2005 (returns); proof of estimated payments for 2005 and 2006; and copies of bank statements for all accounts in petitioners' name or held for their benefit for the most current 3 months (bank statements).

Petitioners submitted information requested by Officer

Clark.[2]  On their Form 433-A, petitioners reported the following

total income and total living expenses:

| Total income | | Total living expenses | |
|---|---|---|---|
| Source | Gross monthly | Expense items | Actual monthly |
| Wages | $2,700.00 | Food, clothing, misc. | $904 |
| Net rental | 250.00 | Housing and utilities | 1,004 |
| Pension/Social Security | 2,152.83 | Transportation | 814 |
| Total | 5,102.83 | Health care | 700 |
| | | Taxes (income and FICA) | 1,100 |
| | | Total | 4,522 |

Officer Clark made several adjustments to petitioners' total

income and total living expenses reported on their Form 433-A.

First, Officer Clark increased petitioners' wage income to

$3,432[3] using Norma J. Diffee's (Mrs. Diffee) pay statement for

the period ending April 22, 2006.  Second, he decreased

petitioners' housing and utilities to $932, the maximum allowed

under the national standards.  Third, Officer Clark reduced

petitioners' transportation expense to $500, which reflected

their monthly motorcycle payment and operating expenses for the

---

[2]We cannot determine from the record whether petitioners
provided proof of estimated payments for 2005 and 2006.

[3]Officer Clark determined this amount by dividing Mrs.
Diffee's total earnings for the first 16 weeks of 2006 by 16
weeks and then multiplying that number by 52 weeks.  The total
was divided by 12 months to yield petitioners' monthly wage
income.  We calculated that the monthly wage income is $3,433
after rounding.

two vehicles petitioners disclosed on their Form 433-A.[4]  Fourth, Officer Clark decreased petitioners' tax expense to $871.  He estimated petitioners' Federal and State income taxes and their tax under the Federal Insurance Contributions Act (FICA).  Officer Clark determined petitioners' estimated Federal and State income tax by multiplying by 63 percent the amount of income tax reported on petitioners' Federal income tax return and State income tax return for 2005.  Officer Clark computed petitioners' FICA tax from Mrs. Diffee's earnings statement for the first 16 weeks of 2006.  Finally, Officer Clark reduced petitioners' health care expense to $250 because petitioners did not provide documentation or explanation of the $700 claimed on the Form 433-A.  Officer Clark also considered that petitioners did not list any medical expenses as an itemized deduction on their last filed Federal income tax return.

After all adjustments, Officer Clark determined that petitioners had the ability to pay $2,377 per month[5] under an installment agreement.  The following table shows the amounts Office Clark used in making his determination:

[4]Petitioners disclosed that they owned a 2006 Honda Goldwing motorcycle and a 1996 Ford Ranger.

[5]Officer Clark determined this amount by reducing petitioners' total income by their total living expenses.

|  | Total income |  | Total living expenses |
| Source | Gross monthly | Expense items | Actual monthly |
| --- | --- | --- | --- |
| Wages | $3,432 | Food, clothing, misc. | $904 |
| Net rental | 250 | Housing and utilities | 932 |
| Pension/Social Security | [1]2,152 | Transportation | 500 |
| Total | 5,834 | Health care | 250 |
|  |  | Taxes (income and FICA) | [1]871 |
|  |  | Total | 3,457 |

[1]It appears that in making his calculations, Officer Clark rounded petitioners' pension/Social Security amount down and that he rounded petitioners' tax expense amount up.  Both roundings favor petitioners.

On June 20, 2006, Officer Clark and petitioners' representative held a telephone conference and discussed the income and expenses listed on petitioners' Form 433-A.  During the conference, Officer Clark agreed to increase petitioners' expenses by $500 per month for additional employment expenses.[6] Officer Clark offered petitioners an installment agreement with monthly payments of $1,877.

On June 22, 2006, Officer Clark sent petitioners' representative a Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination, and Waiver of Suspension of Levy Action, and a Form 433-D, Installment Agreement.  On July 6, 2006, Officer Clark telephoned petitioners' representative to follow up on the installment agreement.  Petitioners' representative informed Officer Clark that petitioners could not make the proposed

_____

[6]The increase in employment expenses was for Mrs. Diffee's meals on the road.

monthly payment under the installment agreement, and that they requested that Officer Clark issue a notice of determination. On July 18, 2006, respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.

On August 24, 2006, the petition was timely filed. Petitioners allege that respondent ignored the reality of their income, health status, and expenses, and therefore, respondent abused his discretion. Petitioners request the Court to set aside respondent's determination and consider other collection alternatives.

On May 10, 2007, we issued petitioners a notice setting their case for trial during the Court's October 15, 2007, Oklahoma City, Oklahoma, trial session. On July 24, 2007, respondent filed a motion for summary judgment. On July 30, 2007, we ordered petitioners to respond to respondent's motion for summary judgment by August 13, 2007. Petitioners failed to respond.

## Discussion

### I. Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or

any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of establishing that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The nonmoving party, however, cannot rest upon the allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II.  Section 6330

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.  If the person makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals (Appeals Office).  Sec. 6330(b)(1), (3).  At the hearing, a

taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer may contest the existence or amount of the underlying tax liability at the hearing if the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. The Appeals Office is required to take into consideration: (1) Verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing. Where the underlying tax liability is not in dispute, the Court will review the determination of the Appeals Office for abuse of discretion. Lunsford v.

Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioners do not dispute their underlying tax liabilities for any of the relevant years. Accordingly, we shall review respondent's determination for abuse of discretion in deciding whether to grant respondent's summary judgment motion.

In their petition, petitioners allege that respondent abused his discretion by failing to consider the reality of petitioners' income, health status, and expenses when determining petitioners' ability to pay under an installment agreement. Respondent argues that he did not abuse his discretion by sustaining the proposed levy.

On the record presented in support of respondent's summary judgment motion, we conclude that there is no material fact in dispute regarding the exercise of respondent's discretion. Petitioners did not file any response to respondent's summary judgment motion. Because they did not respond, we are left with the task of reviewing the motion record without the benefit of petitioners' guidance.

The record shows that Officer Clark did not abuse his discretion by making adjustments to petitioners' Form 433-A.

First, Officer Clark calculated Mrs. Diffee's monthly wage income by using the earnings statement provided by petitioners.  Her earnings statement reported that she earned $12,673.92 for the first 16 weeks of 2006.  Officer Clark used this number to calculate petitioners' monthly wage income.

Second, Officer Clark adjusted petitioners' housing and utilities expense in accordance with the Internal Revenue Service's (Service) national standards.  Under the national standards, the maximum monthly housing and utilities allowance for a family of two in Tulsa County, where petitioners reside, is $932.  Neither of these adjustments reflects an abuse of Officer Clark's discretion.  See McDonough v. Commissioner, T.C. Memo. 2006-234 (no abuse of discretion by Appeals officer for using the housing and utilities standard allowances rather than taxpayer's actual expense).

Third, Officer Clark did not abuse his discretion by decreasing petitioners' transportation expense.  Officer Clark considered petitioners' monthly operating expenses for two vehicles and petitioners' monthly motorcycle payment.[7]

Fourth, Officer Clark did not abuse his discretion by redetermining petitioners' estimated tax expense.  In his calculation, Officer Clark included Federal and State income

---

[7]Petitioners did not have an outstanding loan on the Ford Ranger.

taxes and the FICA tax.  Officer Clark computed petitioners' FICA tax from Mrs. Diffee's earnings statement for the first 16 weeks of 2006.

Finally, Officer Clark decreased petitioners' health care expense.  His decision was based on several factors.  First, petitioners did not provide Officer Clark with any documentation or explanation regarding the $700 health care expense claimed on the Form 433-A.  Second, petitioners did not claim any itemized deductions for medical expenses on their Federal income tax return for 2005.  Because petitioners failed to present any evidence of Mr. Diffee's medical condition during the section 6330 hearing, Officer Clark did not abuse his discretion by reducing petitioners' health care expense.

The record discloses that Officer Clark adjusted his calculations based on information he received from petitioners. During a conference with petitioners' representative, Officer Clark agreed to increase petitioners' expense by $500 per month for Mrs. Diffee's meals on the road.  This allowance reduced petitioners' monthly payment under the installment agreement to $1,877.[8]  However, petitioners refused Officer Clark's proposed changes to their installment agreement and requested that he issue the determination letter.

---

[8]Officer Clark originally proposed a monthly payment of $2,377.

The uncontested record before us indicates that Officer Clark's adjustments were not arbitrary, capricious, or without sound basis in law or fact. See <u>Woodral v. Commissioner</u>, <u>supra</u> at 23. Officer Clark made reasonable adjustments by evaluating petitioners' disclosures on and attachments to their Form 433-A, petitioners' last filed Federal and State income tax returns, and the Service's national standards. Accordingly, respondent did not abuse his discretion in rejecting petitioners' proposed installment agreement and sustaining the proposed collection action.

We conclude that there is no genuine issue of material fact requiring a trial in this case, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

<u>An appropriate order and decision will be entered</u>.