T.C. Summary Opinion 2008-48


UNITED STATES TAX COURT


CHARLES A. ROBINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19057-05S.          Filed April 30, 2008.


Charles A. Robinson, pro se.

<u>Laura A. Price</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

## Background

Petitioner Charles A. Robinson did not appear at trial. Instead, this case was submitted fully stipulated at the trial session of the Court held at Jacksonville, Florida, on February 5, 2008. The parties' agreed facts and accompanying exhibits are incorporated herein by this reference. See Rule 122.

At the time the petition was filed, petitioner resided in Florida.

According to the Internal Revenue Service (IRS) case activity record,[2] petitioner and his wife both have health problems that either restrict or prohibit their employment. They also have financial problems, including their outstanding debt to the IRS. Despite owing money on "several charge cards" and using money earmarked for a payment to the IRS to repair home damage caused by "three hurricanes in 6 weeks", petitioner claims to consider his "IRS problems [his] first priority."

---

[2] Although some of the exhibits entered into evidence discuss petitioner's outstanding balances from taxable years 2001, 2002, 2003, and 2004, only taxable years 1998 and 1999 are properly before the Court. See sec. 6330(d). Similarly, although there are references to petitioner's failure to honor a previous installment agreement, that failed agreement is not part of the current proceedings.

On March 25, 2005, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice) in respect of petitioner's 1998 and 1999 tax years.

In response, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing, on April 6, 2005. In that request, petitioner made clear that he did not dispute the underlying tax liability but that he wished to discuss an installment agreement.

During the negotiation of a potential installment agreement, respondent determined that petitioner had monthly disposable income of $1,920. In contrast, petitioner calculated a monthly disposable income of $879. Of some note is the fact that although respondent alleges that petitioner has stock that could be sold to fully satisfy his tax debt, petitioner's only reference to the stock is a listing of "dividends" received monthly on his income and expense statement.

Petitioner proposed paying $180 per month to satisfy his tax obligations. Because respondent's settlement officer determined petitioner could pay $1,920 per month, she rejected the proposal. On September 13, 2005, respondent mailed petitioner a Notice of Determination Concerning Collection Action under Section 6320 and/or 6330 (notice of determination), sustaining the proposed levy because petitioner did not offer any viable collection alternative.

Petitioner filed this action in order to have us review respondent's determination.

## Discussion

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000); see also sec. 6330. Petitioner has had the benefits of these protections.

In determining that a proposed levy may proceed, the Appeals Office is required to take into consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3). The settlement officer did verify that all legal and procedural requirements had been met, and she reviewed the single issue raised by the taxpayer: an installment agreement.

Because there is no dispute as to the underlying liability, our review is performed under an abuse of discretion standard.

See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 185 (2001); <u>Goza v. Commissioner</u>, <u>supra</u> at 182; cf. sec. 6330(c)(2)(B). A settlement officer abuses her discretion if her determination is exercised "arbitrarily, capriciously, or without sound basis in fact." <u>Mailman v. Commissioner</u>, 91 T.C. 1079, 1084 (1988); see also <u>Freije v. Commissioner</u>, 125 T.C. 14, 23 (2005). On the basis of the record, it was not an abuse of discretion to determine that petitioner could pay more than he proposed and that the proposed levy should proceed.

Conclusion

Without the benefit of any testimony from petitioner, we are unable to ascertain how much petitioner was truly capable of paying toward his Federal tax obligations for 1998 and 1999. Fortunately, that is not our charge here. We are asked only to decide whether respondent abused his discretion in rejecting petitioner's offer and determining that the levy should proceed; it is clear from the record before us that he did not. Therefore, we sustain respondent's determination.

To reflect our disposition of the disputed issue,

<u>Decision will be entered for respondent</u>.