T.C. Memo. 2011-70


UNITED STATES TAX COURT


PETER P. SCHWENDEMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12945-09L.              Filed March 28, 2011.


<u>James R. Cooper</u>, for petitioner.

<u>Louis H. Hill</u> and <u>Terry Serena</u>, for respondent.


MEMORANDUM OPINION


THORNTON, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's determination sustaining the filing of a notice of Federal tax lien (NFTL) with respect to section 6672 trust fund recovery penalties for the taxable

quarters ending December 31, 2003, March 31, 2004, and June 30, 2004 (the quarters at issue).[1]

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference. When he petitioned the Court, petitioner resided in Ohio.

By letter dated March 3, 2006, respondent notified petitioner of proposed assessments of civil penalties under section 6672 for the quarters at issue for failing to withhold and pay over employment taxes of an entity known as Carpe Diem Management Co. The letter offered petitioner an administrative appeal. By letter dated March 20, 2006, petitioner timely protested the proposed assessments. After a conference with petitioner and petitioner's counsel, on October 18, 2007, respondent's Appeals officer denied petitioner's administrative appeal.

On December 3, 2007, respondent assessed against petitioner section 6672 penalties of $69,889 and $37,004, respectively, for the first two quarters of 2004. On December 24, 2007, petitioner paid minimal amounts of these assessments ($58 for the first

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. All amounts are rounded to the nearest dollar.

quarter of 2004 and $18 for the second quarter), representing the tax that respondent determined should have been withheld for one employee of Carpe Diem Management Co. for each of these quarters. That same day petitioner filed with the Internal Revenue Service (IRS) claims for refund and abatement with respect to these two quarters. By letter dated February 28, 2008, respondent denied these claims.

On April 7, 2008, respondent assessed against petitioner a section 6672 penalty of $11,865 for the last quarter of 2003. On April 17, 2008, petitioner paid $25 of this assessment, again representing the tax that respondent determined should have been withheld for one employee, and the same day filed with the IRS a claim for refund and abatement with respect to the last quarter of 2003. By letter dated April 25, 2008, respondent denied this claim.

On August 26, 2008, respondent filed in Licking County, Ohio, the NFTL which is at issue. On the same date respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320. In response, on September 8, 2008, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On this form petitioner described the reason for his request as follows: "A payment has been made on these assessments and attached is a copy of a complaint for refund, United States District Court for the

Southern District of Ohio, Eastern Division, at Columbus. These assessments and liens are contested." On September 11, 2008, petitioner commenced the refund suit in the above-named District Court to contest the underlying liabilities.

On December 18, 2008, petitioner's counsel and an Appeals Office settlement officer participated by telephone in a collection due process hearing. The settlement officer opined that petitioner could not dispute his underlying liability in the collection proceeding because he had previously disputed it during his administrative appeal. According to the settlement officer's case activity record, petitioner's counsel indicated that he "just wanted to buy some time", that he did not wish to discuss collection alternatives, and that he did not want the IRS to take any action during the pendency of petitioner's refund suit in District Court.

On April 29, 2009, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination notice), sustaining the NFTL. The determination notice concluded that the filing of the NFTL was appropriate, that petitioner was not entitled to challenge his underlying liability in this collection proceeding, that petitioner had offered no collection alternatives, that all relevant legal and procedural requirements had been followed, and that the NFTL appropriately balanced the need for efficient

collection with concerns that the collection action should be no more intrusive than necessary.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay tax after demand for payment has been made. The lien arises when assessment is made and continues until the liability is paid or becomes unenforceable by lapse of time. Sec. 6322. For the lien to be valid against certain third parties, the Secretary must file a notice of Federal tax lien; within 5 business days thereafter, the Secretary must provide written notice to the taxpayer. Secs. 6320(a), 6323(a). The taxpayer then has 30 days to request an administrative hearing before an Appeals officer. Sec. 6320(a)(3)(B), (b)(1); sec. 301.6320-1(c)(1), Proced. & Admin. Regs.

At the hearing the person may raise any relevant issue relating to the unpaid tax or filed lien, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the underlying tax liability if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). After receiving a notice of determination, the person

may seek judicial review in this Court.  Sec. 6330(d)(1).  If the validity of the underlying tax liability is properly at issue, we review that issue de novo.  Sego v. Commissioner, supra at 610. Other issues we review for abuse of discretion.  Id.

On brief petitioner acknowledges that he cannot challenge his underlying liability in this collection proceeding. Petitioner does not contend that the NFTL was in any way improper, that the settlement officer failed properly to consider collection alternatives, that the settlement officer improperly determined that the NFTL balanced the need for efficient collection of taxes against concerns that the collection action be no more intrusive than necessary, or that the settlement officer failed to verify that all applicable laws and administrative procedures had been satisfied with respect to the NFTL.  We deem petitioner to have conceded or waived any such issues.  See, e.g., Lunsford v. Commissioner, 117 T.C. 183, 187 (2001).  Petitioner's sole contention and request for relief, as stated in his brief, is that respondent "should be required to delay collection until the United States District Court has concluded its proceedings on underlying liability."[2]

---

[2]We take judicial notice that, according to court records in the Public Access to Court Electronic Records system as of the date of this opinion, petitioner's refund suit remains pending in the District Court.

The lien in question arose by operation of law on December 3, 2007, when respondent first assessed petitioner's section 6672 tax liabilities. See sec. 6322. The lien continues until the assessed liabilities are satisfied or become unenforceable by reason of lapse of time.[3] See id. The lien represents merely the Government's claims against petitioner's property and does not per se effect a seizure of petitioner's property or otherwise deprive him of property. See Saltzman, IRS Practice and Procedure, par. 14.04 (rev. 2d ed. 2002). Similarly, the NFTL does not of itself deprive petitioner of property but affects the validity and priority of the tax liens against persons such as purchasers, holders of security interests, judgment creditors, and mechanics lienors. See sec. 6323.

As best we understand it, petitioner's claim for relief is not directed toward the NFTL to which the notice of determination relates but rather toward some possible future collection action that respondent might decide to take, such as making a levy upon his property pursuant to section 6331 or instituting a court action to enforce the lien pursuant to section 7403. Construed broadly, petitioner's contention appears to be that the settlement officer abused her discretion in not acceding to his request that the IRS suspend future collection action during the

---

[3]If the assessed liabilities, plus interest, are fully satisfied or become legally unenforceable, the Secretary must issue a certificate of release of the lien. See sec. 6325.

pendency of petitioner's refund suit in District Court.  But he does not allege, and the record does not suggest, that respondent has proposed or commenced any such collection action, apart from filing the NFTL.  Hence any future collection action is purely speculative and not a proper object of relief in this proceeding to review respondent's determination sustaining the NFTL.[4]

In any event, the Code generally precludes the IRS from making a levy or beginning any court proceeding to collect a "divisible" tax (such as the section 6672 trust fund penalty) where the taxpayer has commenced a refund suit for the recovery of the portion of the divisible tax paid.  See sec. 6331(i)(1), (4)(A).[5]  These provisions of section 6331 would appear to render

---

[4]Petitioner's various administrative challenges to the sec. 6672 penalties did not preclude respondent's filing the lien. Statutory restrictions against the Commissioner's making a levy during the pendency of a refund suit, as contained in sec. 6331(i) and 6672(c), are inapplicable because this case involves a lien rather than a levy and for the additional reason, if any be thought necessary, that the lien was filed more than 30 days after the refund claims were denied and before the District Court refund suit was commenced.

[5]The refund suit procedures are explained in Univ. of Chi. v. United States, 547 F.3d 773, 785 (7th Cir. 2008):

As a general rule, to challenge an assessment in a district court, a taxpayer must pay the full amount of the assessed tax and then pursue a refund.  Full payment is a jurisdictional prerequisite imposed by Congress.  Where a tax is "divisible," however, "the taxpayer may pay the full amount on one transaction, sue for a refund for that transaction, and have the outcome of this suit determine his liability for all the other, similar transactions."  The government will

(continued...)

moot or unnecessary petitioner's request that respondent suspend future collection action during the pendency of his refund suit.[6] We find no abuse of discretion by the settlement officer in this regard.

We have also considered whether petitioner's contention might be construed as seeking to enjoin future collection action by respondent during the pendency of his District Court refund suit. Section 6330(e)(1), as made applicable to this proceeding by section 6320(c), provides that during the pendency of a collection proceeding and for 90 days after the entry of a final decision therein, respondent's "beginning of a levy or proceeding" may be enjoined "in the proper court, including the Tax Court." But the Tax Court's jurisdiction in this regard is strictly limited: "The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a

---

[5](...continued)
usually bring a counterclaim for the remainder of the tax due. Employment taxes are considered divisible taxes. [Citations omitted.]

[6]Similarly, pursuant to sec. 6672(c) the IRS generally may not proceed with "a levy or proceeding in court" to collect an unpaid sec. 6672 penalty if within 30 days after notice and demand the taxpayer (1) pays an amount which is not less than the minimum amount required to commence a proceeding in court with respect to his liability for the penalty, (2) files a claim for refund of the amount so paid, and (3) posts a bond for 150 percent of the unpaid penalty. This prohibition expires, however, if a refund suit is not commenced in the appropriate District Court or the Court of Claims within 30 days of the denial of the pertinent refund claim. Sec. 6672(c)(2).

timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates." Sec. 6330(e)(1). As previously indicated, the record does not suggest that the IRS has proposed or begun any levy action or proceeding with respect to the tax liabilities to which the notice of determination relates. Furthermore, inasmuch as the liens arose automatically by operation of law and the NFTL has already been filed, it is not meaningful to speak of "enjoining" the liens or the NFTL.

Accordingly, we sustain respondent's determination sustaining the filing of the NFTL.

<u>Decision will be entered</u>

<u>for respondent</u>.